**Declaration of David Gulbransen**

**Exhibit 2**
**Cited Unpublished Decisions**

KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

STEPHEN M. GAFFIGAN (*Pro Hac Vice* Pending)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

Attorneys for Plaintiff CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation, ) ) Plaintiff, ) ) v. ) ) RENE PALEY d/b/a ) CHEAP-CHANEL-WATCHES.COM; ) and DOES 1-10, ) ) Defendants. ) ) ) ) | Case No. C-09-04979 MHP **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

On October 19, 2009, Plaintiff, Chanel, Inc ("Chanel") filed its Complaint against Defendants, Rene Paley ("Paley"), and Does 1-10 (collectively the "Defendants"), for alleged violations of trademark counterfeiting and infringement, false designation of origin, and cyberpiracy. Before the Court is Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. Upon review of Plaintiff's

1

Complaint, Motion and supporting evidentiary submissions, the Court finds (1) Plaintiff has shown a likelihood of success on its claims against Defendants for federal trademark infringement and counterfeiting, false designation of origin, and cyberpiracy and (2) Plaintiff will suffer irreparable harm unless Defendants are enjoined. The Court also finds that a temporary restraining order is necessary to prevent immediate and irreparable injury to Plaintiff's reputation and business before the hearing on the Order to Show Cause regarding the preliminary injunction and to preserve the status quo. The Court further finds that the balance of equities and the interests of justice support granting such relief.

Accordingly, it is hereby ORDERED the Plaintiff's *Ex Parte* Motion is GRANTED, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are temporarily restrained from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel trademarks CHANEL and J12 or any confusingly similar trademark; from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Chanel, bearing the Chanel trademarks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel trademarks, or any confusingly similar trademarks.

IT IS FURTHER ORDERED that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel trademarks CHANEL and J12 or any confusingly similar trademarks in any manner, including on or in connection with Internet website businesses owned and operated or controlled by them, specifically

including the Internet websites operating under the domain name: cheap-chanel-watches.com (the "Subject Domain Name").

IT IS FURTHER ORDERED that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel trademarks CHANEL and J12 or any confusingly similar trademarks (1) within domain names, domain name extensions, metatags or other markers within their websites' source code, (2) on any webpage (including as the title of any web page), (3) in any advertising links to other websites, from search engines' databases or cache memory, and (4) in any other manner of use in which such Marks are visible to a computer user or serve to direct computer searches on search engines to websites registered by, owned, or operated by Defendants, including the Internet website operating under the Subject Domain Name.

IT IS FURTHER ORDERED that Defendants shall not transfer ownership of the Subject Domain Name during the pendency of this Action, or until further Order of the Court.

IT IS FURTHER ORDERED that the Registrar for the Subject Domain Name, Xin Net Technology Corporation, shall immediately lock the Subject Domain Name and provide to Plaintiff's counsel, for deposit with this Court, a Registrar Certificate for the Subject Domain Name.

IT IS FURTHER ORDERED that the top level domain (TLD) Registry for the Subject Domain Names, Verisign, Inc., within 5 days of receipt of this Order shall place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Name to the IP address where the associated website is hosted.

IT IS FURTHER ORDERED Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Name and shall take all steps necessary to retrieve and preserve computer files relating to the use of any of the Subject Domain Name and\or the website operating thereunder which may have been deleted before the entry of this Order.

3

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for the hearing on the Order to Show Cause set forth below, or until such further date as set by the Court or stipulated to by the parties.

<b>SECURITY</b>

IT IS FURTHER ORDERED that Plaintiff shall post a bond in the amount of Ten Thousand Dollars ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting the Registrar or Registry to take any action with respect to the Subject Domain Name.

<b>ORDER TO SHOW CAUSE WHY A PRELIMINARY<br>INJUNCTION SHOULD NOT ISSUE AND ORDER OF NOTICE</b>

IT IS ORDERED that Defendants shall show cause, unless Defendants waive the right to do so, before this Court in the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California, Courtroom 15, 18th Floor, on __November 19__, 2009, at 2:00 pm or at such other time that this Court deems appropriate, why an order should not issue pursuant to Fed. R. Civ. P. 65(a), granting the preliminary injunctive relief restraining Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants from engaging in the activities that are subject of the above Temporary Restraining Order.

IT IS FURTHER ORDERED that the Plaintiff shall serve a copy of the Motion for Temporary Restraining Order and this Order on all Defendants by emailing the Order to the email addresses provided by the Defendants to their Registrar and listed on their website, addresses mygame6688@gmail.com and watches@igpal.com on or before __October 27__, 2009, and such notice shall so given shall be deemed good and sufficient service thereof. Any response or opposition to this Order to Show Cause must be filed and served ~~of~~ on Plaintiff's counsel forty-eight (48) hour prior to the hearing set for __November 9__. 2009, and filed with the Court, along with proof of service, on __November 6__, 2009. ~~Plaintiff shall file any~~ NO Reply Memorandum ~~on or before~~ shall be filed.

4

_____, 2009. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the show cause hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

IT IS SO ORDERED.

DATED:_ 10/26/2009 ____

Marilyn
UNITE...                           ...RNIA

IT IS SO ORDERED

Judge Marilyn H. Patel

[PROPOSED] TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE
Case No. C-09-04979 MHP

97852

# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

FAROUK SYSTEMS, INC.

                    Plaintiff

v.

EYOU INTERNATIONAL TRADING COMPANY,
LTD., FUZHOU HENQJU TRADE CO. LTD.,
EBRANDSALE TRADE CO. LTD.,  EBAGI
TRADING CO. LTD., HANGZHOU DREAM
CLOUDS GARMENT STORE, KING BOSE
ELECTRONICS CO. LTD., YIWU XINWANG
HARDWARE COMMERCIAL FIRM A/K/A/ QING
TIAN ELECTRICAL TECHNOLOGY CO. LTD.,
BEIJING FUHENG SIHAI SCIENCE AND
TECHNOLOGY CO. LTD., SHENYANG CITY
SHENGHUAXING PARTS, FLAT CHY LTD. CO.,
SUANSU SHOP, ZHI CHI FASHION SHOES
TRADING COMPANY, EBAYSON TRADING CO.
LTD., KEMY DESIGN CRAFT WORK & CHI LTD.,
ZHUHAI XIANGZHOU KAIYUE COMPUTER
FIRM, FLAT CHY IRON OUTLET, BRIGHT
TRADE CO. LTD., NFL SUPPLIER TRADE CO.
LTD. A/K/A/ S&S FASHION TRADING CO. LTD.
A/K/A AILIKE INTERNATIONAL TRADE CO.
LTD., HONG KONG ZEXI CO., LTD. A/K/A/
HONG KONG RAYBU TRADE CO., LIMITED,
NFL SELL TRADE CO. LTD., AIRFLY TRADE
COMPANY, ZHEJIANG PRIMATRUST
INDUSTRY CO. LTD., SOFTWARE SUPPLIER
CO., LTD., MYWAYHAIR CO., LTD., SHARING
INTERNATIONAL INVESTMENT AND
MANAGEMENT CO., LIMITED, VV SUPPLIER
TRADE CO., LTD, HONG KONG YNITA
GARMENTS, VICTORIA TRADE, HONGKONG
ARTLER TRADING GROUP LIMITED A/K/A/
EXCELLENT SPORTS (HK) CO. LIMITED, LOL
WHOLESALER TRADING INC., PUTIAN
SHUNWANG TRADE CO.,  LTD. A/K/A/
SHINEWON COMPANY, HODONNET CO. LTD.,
DEAR GROUP LIMITED A/K/A HONGKONG
AIBABYS 14. INDUSTRY CO. LTD.,
PROFESSIONAL HAIR CARE 16. SUPPLYER CO.
LTD. A/K/A HAIR CARE WHOELSALE CO. LTD.,

Civil Action No. 4:10-cv-2672

**TEMPORARY RESTRAINING
ORDER, SEIZURE ORDER, ASSET
RESTRAINING ORDER, DOMAIN
NAME TRANSFER ORDER,
EXPEDITED DISCOVERY ORDER
AND ORDER TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION**

**FILED UNDER SEAL
PURSUANT TO 15 U.S.C. § 1116**

BETTERBUSINESS FASHION 18. TRADING CO.,
LTD., CHINA WANGYI TRADE CO. LTD., CHI &
T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A
MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA
TRADE CO. LTD., HENGXIN INTERNATIONAL
TRADE CO. LTD., FUZHOU HUAXIANG TRADE
CO. LTD., E-TRADE CO. LTD., SUNFAVOR
INDUSTRY DEVELOPMENT CO. LTD., LIKE
GOODS TRADE CO. LTD., BEST WHOLESALER
CO. LTD., SKY SHOPPING TRADE, EBUYG NET
CO. LTD., JOHN AND JANE DOES AND XYZ
COMPANIES,

Defendants.

---

## TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ASSET RESTRAINING ORDER, DOMAIN NAME TRANSFER ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiff FAROUK SYSTEMS, INC. ("Farouk" or "Plaintiff") having moved *ex parte* against Defendants EYOU INTERNATIONAL TRADING COMPANY, LTD., FUZHOU HENQJU TRADE CO. LTD., EBRANDSALE TRADE CO. LTD., EBAGI TRADING CO. LTD., HANGZHOU DREAM CLOUDS GARMENT STORE, KING BOSE ELECTRONICS CO. LTD., YIWU XINWANG HARDWARE COMMERCIAL FIRM A/K/A/ QING TIAN ELECTRICAL TECHNOLOGY CO. LTD., BEIJING FUHENG SIHAI SCIENCE AND TECHNOLOGY CO. LTD., SHENYANG CITY SHENGHUAXING PARTS, FLAT CHY LTD. CO., SUANSU SHOP, ZHI CHI FASHION SHOES TRADING COMPANY, EBAYSON TRADING CO. LTD., KEMY DESIGN CRAFT WORK & CHI LTD., ZHUHAI XIANGZHOU KAIYUE COMPUTER FIRM, FLAT CHY IRON OUTLET, BRIGHT TRADE CO. LTD., NFL SUPPLIER TRADE CO. LTD. A/K/A/ S&S FASHION TRADING CO. LTD. A/K/A AILIKE INTERNATIONAL TRADE CO. LTD., HONG KONG ZEXI CO., LTD. A/K/A/ HONG KONG RAYBU TRADE CO., LIMITED, NFL SELL TRADE CO. LTD., AIRFLY TRADE COMPANY, ZHEJIANG PRIMATRUST INDUSTRY CO. LTD., SOFTWARE SUPPLIER

CO., LTD., MYWAYHAIR CO., LTD., SHARING INTERNATIONAL INVESTMENT AND MANAGEMENT CO., LIMITED, VV SUPPLIER TRADE CO., LTD, HONG KONG YNITA GARMENTS, VICTORIA TRADE, HONGKONG ARTLER TRADING GROUP LIMITED A/K/A/ EXCELLENT SPORTS (HK) CO. LIMITED, LOL WHOLESALER TRADING INC., PUTIAN SHUNWANG TRADE CO., LTD. A/K/A/ SHINEWON COMPANY, HODONNET CO. LTD., DEAR GROUP LIMITED A/K/A HONGKONG AIBABYS 14. INDUSTRY CO. LTD., PROFESSIONAL HAIR CARE 16. SUPPLYER CO. LTD. A/K/A HAIR CARE WHOELSALE CO. LTD., BETTERBUSINESS FASHION 18. TRADING CO., LTD., CHINA WANGYI TRADE CO. LTD., CHI & T3 HAIR CARE FOREVEROFFER CO. LTD. A/K/A MAKE HAIR BEAUTIFUL 21 CO. LTD., XIDA TRADE CO. LTD., HENGXIN INTERNATIONAL TRADE CO. LTD., FUZHOU HUAXIANG TRADE CO. LTD., E-TRADE CO. LTD., SUNFAVOR INDUSTRY DEVELOPMENT CO. LTD., LIKE GOODS TRADE CO. LTD., BEST WHOLESALER CO. LTD., SKY SHOPPING TRADE, EBUYG NET CO. LTD., JOHN AND JANE DOES, AND XYZ COMPANIES (collectively, "Defendants") for a Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of Plaintiff's federally registered trademarks, as listed in Plaintiff's Complaint filed concurrently herewith and incorporated herein by reference, which trademarks (collectively, the "CHI Marks") are owned and controlled by Plaintiff and used in

connection with products listed in Plaintiff's Complaint and incorporated herein by reference (collectively, the "CHI Products"), and the Court having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith, finds:

1.      Plaintiff is likely to succeed in showing that Defendants are part of an online counterfeiting ring, manufacturing, distributing, offering for sale and/or selling counterfeit CHI Products -- including but not limited to hair styling irons and other beauty products -- bearing counterfeits of Plaintiff's CHI Marks ("Counterfeit Products"), as well as counterfeits of other trademarked goods, at wholesale and retail to buyers in the United States, including in this Judicial District;

2.      The distributing, offering for sale and/or selling of Counterfeit Products will result in immediate and irreparable injury to Plaintiff if injunctive relief is not granted;

3.      Defendants have gone to great lengths to conceal and/or move themselves and their ill-gotten proceeds from Plaintiff's and this Court's detection and reach including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

4.      Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiff was to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action;

5.      Plaintiff's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

6.      Plaintiff has represented that it has not publicized the requested Order;

7.      Plaintiff has provided the United States Attorney with reasonable notice of this application for an *ex parte* Order;

8.     Plaintiff has demonstrated that Defendants are selling Counterfeit Products on their own specialized web pages of the online 'business to business' ("B2B") selling platforms DIYtrade.com; Alibaba.com, Tradekey.com, and EC21.com and ("Defendant's B2B Web Pages") as well as by operating a large, fluid network of websites ("Defendants' Websites"), as set forth in **Exhibit B** attached to the Declaration of Matthew Hewlett in support of this Order, including by using various domain names, including, without limitation, the following domain names containing the CHI Marks:

> chibuyus.com, chifactoryoutlet-us.com, chiflatirona.com, chiflatironb.com, chiflatironc.com, chiflatironm.com, chiflatironn.com, chiflatironok.com, chiflatirons.com, chiflatironsa.com, chiflatironsv.com, chiflatironv.com, chiflatirony.com, chihaironline.com, chiirontop.com, chi-hair.com, ghdchis.com, ghdchisales.com, mk4chi.com

(collectively, the "Infringing Domain Names"); and

9.     Entry of an Order other than an *ex parte* Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's equitable remedies for trademark counterfeiting, including: *inter alia,* the restraint of Defendants' counterfeiting operations including Defendant's Web Pages and Defendants' Websites, the seizure of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Counterfeit Products, and preservation of Plaintiff's right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that Defendants show cause on or before the 17th day of August, 2010 at 8:30 a.m. or as soon thereafter as counsel can be heard, in Courtroom 11-A, in the United States District Court for the Southern District of Texas, 515 Rusk, 11th floor, Houston, Texas, why an order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiff a preliminary injunction as follows:

(a)     Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

     (i)      using Plaintiff's CHI  Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI  Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine CHI Products  bearing Plaintiff's CHI Marks; and

     (ii)     passing off, inducing or enabling others to sell or pass off any hair styling irons, hair dryers or other items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

     (iii)    committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiff's genuine merchandise unless they are such; and

     (iv)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner hair styling irons or other items falsely bearing Plaintiff's CHI Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

     (v)     utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiff's CHI Marks; and

     (vi)    operating Defendant's B2B Web Pages and  Defendants' Websites.

(b)     Impounding, during the pendency of this action, all Counterfeit Products in the current custody or control of Defendants and other materials and merchandise seized pursuant to the provisions of this Order.

(c)     Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(d)     Ordering transfer of the Infringing Domain Names, whether by the domain name registry, namely VeriSign, Inc., or by the individual registrars, which hold one or more of the Infringing Domain Names, to a registrar of Plaintiff's selection to hold and disable the Infringing Domain Names until further order from this Court.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Counterfeit Products, including via  Defendant's Web Pages and Defendants' Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiff's application for a Preliminary Injunction, Defendants, including  their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, the online B2B selling platforms Alibaba.com, Tradekey.com, EC21.com and DIYtrade.com, or having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

(a)      Committing any of the acts set forth in subparagraphs (a)(i)-(vi) above;

(b)      Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products,  Defendants' B2B Web Pages, Defendants' Websites, and/or Defendants' assets and operations; and

(c)      Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Web Pages, Defendants' Websites, Defendants' assets and operations or relating  in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CHI Marks; and it is further

ORDERED, that discovery herein may begin immediately by Plaintiff  by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold  assets on Defendants' behalf; and (3)

any third party service providers, including without limitation the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com and EC21.com and Internet service providers, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant, Defendants' B2B Web Pages and/or Defendants' Websites, including without limitation, the online B2B selling platforms DIYtrade.com, Alibaba.com, Tradekey.com, EC21.com and Internet Service Providers ("ISP") , back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall within two (2) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a)      The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' B2B Web Pages, Defendants' Websites, Infringing Domain Names and financial accounts;

(b). Defendants' B2B Web Pages and Defendants' Websites;

(c). The Infringing Domain Names or any domain name registered by Defendants; and

(d). Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without

limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA).

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars $10,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Plaintiff may complete service of process on Defendants by electronic mail at the following one hundred and three (103) email addresses, which Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:

0086shopping@gmail.com, 21313783@QQ.com, 21ctradecom@gmail.com, aa@xidatrade.com, aaa4084@hotmail.com, airjay2388@yahoo.com, b2byeah@hotmail.com, bafqbssfei@gmail.com, banny-psw@hotmail.com, bestgoodsoffer@yahoo.com, bestwholesalerplatformceo@hotmail.com, brandkey@yahoo.com, brandname999@yahoo.com, brandshoescap@hotmail.com, chighd2009@gmail.com, christina_0617@hotmail.com, ebagi22@gmail.com, ebagiorder@gmail.com, ebrandsale@hotmail.com, ecfore@cgpindustry.com, echo2010b2b@hotmail.com, ectrade66@yahoo.cn, eyoutrade@eyoutrading.com, fangztrade@gmail.com, fashionfordiscount@yahoo.cn, ghdfromfactory@gmail.com, good299@hotmail.com, goodtrade@21cn.com, guoshan1976@yahoo.cn, happyt2010@yahoo.com, hxtrade01@gmail.com, hzdc1@hotmail.com, iestrade2010@hotmail.com, jennyguo1900@gmail.com, ke-jin-yao@hotmail.com, kemydesign@hotmail.com, kingbose-service@hotmail.com, larry_carry@163.com, lifangliao@yeah.net, linhang123@hotmail.com, linhaotrade86@hotmail.com, lukyzone2009@hotmail.com, lyx1002@gmail.com, maggielinxm@yahoo.com, mary@ebuyg.com, meiqun88@hotmail.com, mk4chi@hotmail.com, myway.sale@gmail.com, myway-sales@hotmail.com, nfl09sookie@gmail.com, nflhotsaleceo@gmail.com, nflsell@yahoo.cn, nflselling001@gmail.com, nflspicy@gmail.com, nflsupplier@hotmail.com, nfltradesusanna@gmail.com, nick.trademail@gmail.com, nikeaf1jordan08@msn.com, nikeprovide@hotmail.com, ouvi@qq.com, peter_hsu61@yahoo.com.cn, popgift@yahoo.com, qi-junsheng@hotmail.com, reid_wang@163.com, ruima.staff05@hotmail.com, sales@cn-eyou.com, sales@eabayson.com, service04@hotmail.com, servicekey1998@hotmail.com, shary168@hotmail.com, shgm02@hotmail.com,

shoppinginjoy@hotmail.com, skygrouptrade@hotmail.com, skyshoppingnet@hotmail.com, skyshoppingnet@yahoo.com.cn, skytrade200988@hotmail.com, smilegws@gmail.com, sunfavorco@hotmail.com, sweet9898@21cn.com, tradegogogo@hotmail.com, tradehc88@yahoo.com, trust99@31cn.com, trustfriendforever@163.com, trustprima@trustprima.com, ubestsupplier@yahoo.com, us@xidatrade.com, uuwholesaler@hotmail.com, vcshoes55@hotmail.com, vipchina99@yahoo.cn, wangyi-trade@hotmail.com, wcyshally@hotmail.com, wearfordiscount@hotmail.com, welcome7898@gmail.com, wendichen123@yahoo.com.cn, xiaofenfenlv@163.com, yibutian@hotmail.com, ying2010@hotmail.com, and zz00220@yahoo.cn, and it is further

ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, which may be made on Defendants by electronic mail, and that such service shall be made within seven (7) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiff's counsel file with the court within ten (10) business days after this Order is executed, an affidavit or declaration stating the date on which the Order was executed, the means of serving Defendants, whether domain names were seized and a description thereof and whether assets were seized and/or restrained a description thereof; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' B2B Selling Pages, Defendants' Websites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Websites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or

other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

> (1) an accounting of all of such Defendant's assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

> (2) uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the Infringing Domain Names shall be transferred to Plaintiff pending further order of the Court; and it is further

ORDERED that the registry for each of the Infringing Domain Names, namely VeriSign, Inc., disable all existing Domain Name Server (DNS) entries and corresponding addresses for the Infringing Domain Names to prevent further damage caused by Defendants' use of these domain names, and transfer the Infringing Domain Names to a registrar of Plaintiff's choice pending further order of the Court; and it is further

ORDERED that the gaining registrar for each of the Infringing Domain Names replace all Domain Name Server (DNS) entries and corresponding addresses with such registrar's default Domain Name Server and address entries to prevent further damage caused by Defendants' use of the Infringing Domain Names; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of Greenberg Traurig, 1000 Louisiana Street, Suite 1700, Houston, TX 77002, Attention: Anthony Matheny, Esq., before 10:00 a.m. on August 16, 2010. Any reply shall be filed and served by Plaintiff by 8:30 a.m. on August 17, 2010; and it is finally;

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED at Houston, Texas this 2nd day of August, 2010.

_____
Kenneth M. Hoyt
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10-cv-02684-BBD-dkv |
| | ) | |
| v. | ) | |
| | ) | FILED UNDER SEAL |
| DOES 7-172 d/b/a the aliases identified on<br>Schedule "A" and DOES 173-500 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF A TEMPORARY
RESTRAINING ORDER, SETTING HEARING ON PRELIMINARY INJUNCTION, AND
ORDER TEMPORARILY SEALING THE FILE**

THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Application for Entry of a
Temporary Restraining Order and Preliminary Injunction and Order Temporarily Sealing the File
(the "*Ex Parte* Application"). Plaintiff Chanel, Inc. ("Chanel") moves *ex parte,* for entry of a
temporary restraining order, and, upon expiration of the temporary restraining order, a
preliminary injunction against Defendants Does 7-172 d/b/a as the aliases identified on Schedule
"A" hereto and the Domain Names identified on Schedule "B" hereto (the "Subject Domain
Names") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65 for alleged violations of the
Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

For reasons set forth herein, Plaintiff's *Ex Parte* Application is GRANTED.

## I.     Factual Background

The Court bases this Order on the following facts from Plaintiff's First Amended
Complaint, *Ex Parte* Application, and supporting evidentiary submissions.

1

Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Compl. ¶ 2. Chanel is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under the Chanel Marks. (Declaration of Pilar Toro ("Toro Decl.") ¶ 4. Chanel is, and at all times relevant hereto has been, the owner of all rights in and to the following Federally registered trademarks:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,955,074 | March 13, 1973 |
|  | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CHANEL | 1,733,051 | November 17, 1992 |
| J12 | 2,559,772 | April 9, 2002 |
|  | 3,025,934 | December 13, 2005 |
| CHANEL | 3,133,139 | August 22, 2006 |
|  | 1,734,822 | November 24, 1992 |
|  | 1,501,898 | August 30, 1988 |
|  | 1,241,264 | June 7, 1983 |
| CHANEL | 1,241,265 | June 7, 1983 |
|  | 1,271,876 | March 27, 1984 |

| CHANEL | 0,915,139 | June 15, 1971 |
| CHANEL | 1,510,757 | November 1, 1988 |
| ☒ | 3,025,936 | December 13, 2005 |
| CHANEL | 3,134,695 | August 29, 2006 |
| ☒ | 1,654,252 | August 20, 1991 |

(the "Chanel Marks") which are registered in International Classes 9, 14, 18 and 25 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, costume jewelry, watches, shoes, boots and clothing. (Toro Decl. ¶ 4 and Composite Exhibit "1" attached thereto).

Defendants have advertised, offered for sale, and/or sold at least handbags, wallets, costume jewelry, watches, shoes, boots and clothing, bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Chanel Marks.  (Toro Decl. ¶¶ 12-14; Declaration of Brandon Scott ("Scott Decl.") ¶ 4).  Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Chanel Marks. (Toro Decl. ¶ 9.)

Plaintiff retained Brandon Scott ("Scott") of Brasco & Associates, LLC to investigate suspected sales of counterfeit Chanel branded products by Defendants. (Toro Decl. ¶ 10; Scott Decl. ¶ 3).  On September 16, 2010, Scott accessed the Internet websites operating under the domain names Allbagshop.com, Chanelhandbagstore.com, Meetbags.com, Chanelbagsoutlet.com, Chanelbags2010.com, Evoguemall.com, Namebrandsfashions.com, Livedealmall.net, Purse-mall.com, and Brands-center.com, and placed orders for the purchase of Chanel branded handbags, wallets, shoes and sunglasses.  (Scott Decl. ¶¶ 4, and Composite Exhibit "1").  Scott's purchases were processed entirely online, which included providing

shipping and billing information, payment, and confirmation of his orders. (Scott Decl. ¶ 4 and Composite Exhibit "1"). Scott was able to communicate only electronically in connection with his purchase of the Chanel branded goods via the various websites. (Scott Decl. ¶ 4). A representative of Chanel inspected and analyzed the web page listings, including images, for the Chanel branded goods purchased by Scott and determined them to be a non-genuine Chanel products. (Toro Decl. ¶¶ 11-12.) Additionally, Chanel's representative reviewed and visually inspected the items bearing the Chanel Marks offered for sale on all of the Internet websites operating under the Subject Domain Names and determined the products were non-genuine products. (Toro Decl. ¶ 13).

## II.     Conclusions of Law

The Declarations Plaintiff submitted in support of its *Ex Parte* Application support the following conclusions of law:

A.     Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, watches, shoes, boots, clothing, sunglasses, watches, and costume jewelry, bearing counterfeits, reproductions, and/or colorable imitations of the Chanel Marks, and that the products Defendants are selling are copies of Plaintiff's products that bear copies of the Chanel Marks on handbags, wallets, costume jewelry, watches, shoes, boots and clothing. *Feist Publication, Inc. v. Rural Telephone Service, Co., Inc.,* 499 U.S. 340, 361 (1991).

B.     Because of the infringement of the Chanel Marks, Plaintiff is likely to suffer an immediate and irreparable injury if a temporary restraining order is not granted. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998). It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint, *Ex Parte* Application, and

4

accompanying Declarations on file that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

       1.     Defendants own or control Internet business operations which advertise, offer for sale, and sell at least handbags, wallets, costume jewelry, watches, shoes, boots and clothing, bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

       2.     Plaintiff has well-founded fears that more counterfeit and infringing handbags, wallets, costume jewelry, watches, shoes, boots and clothing bearing Chanel trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

       3.     Plaintiff has well-founded fears that if it proceeds on notice to the Defendants on this *Ex Parte* Application, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

       4.     The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of quality handbags, wallets, costume jewelry, watches, shoes, boots and clothing if such relief is not issued; and

       5.     The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the

palming off of counterfeit goods as genuine goods of Plaintiff. *See Nike, Inc. v. Leslie*, 227 U.S.P.Q. 574, 575 (M.D. Fla. 1985).

Upon review of Plaintiff's First Amended Complaint, *Ex Parte* Application, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's *Ex Parte* Application is GRANTED, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

(1)     Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are hereby temporarily restrained:

(a)     From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel trademarks identified in Paragraph 13 of the First Amended Complaint in this matter (the "Chanel Marks"), or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

(b)     From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks.

(2)     Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3)     Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of

6

this Order shall immediately discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under the Subject Domain Names;

(4)     Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5)     The top-level domain (TLD) Registry for the Subject Domain Names, within ten (10) days of receipt of this Temporary Restraining Order shall change the Registrar of record for the Subject Domain Names to the United States based Registrar GoDaddy.com, Inc. where they will be placed in a holding account in trust for the Court.  Upon transfer of the Subject Domain Names into the holding account, GoDaddy.com, Inc. will hold the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, Go Daddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the First Amended Complaint, Summons and Temporary Restraining Order and other documents on file in this action are displayed.  Alternatively, Go Daddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/oft/index.html whereon a copy of the First

Amended Complaint, Summons and Temporary Restraining Order and other documents on file in this action shall be displayed. After Go Daddy.com, Inc. has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendant;

(6)     Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order;

(7)     This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(8)     This Temporary Restraining Order shall apply to the Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit to be used by Defendants for the purpose of counterfeiting the Chanel Marks at issue in this action and/or unfairly competing with Chanel in connection with search engine results pages;

## BOND TO BE POSTED

(9)     Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Twenty Thousand  Dollars and Zero Cents ($20,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint.  Plaintiff shall post the bond prior to requesting the Registries to transfer control of the Subject Domain Names;

## PRELIMINARY INJUNCTION

(10)     A hearing is set before this Court in Courtroom Number 3on the 9th floor of the Clifford Davis and Odell Horton Federal Building, 167 North Main Street, Memphis, Tennessee,

on November 15, 2010, at 2:00 p.m., or at such other time that this Court deems appropriate, on Plaintiff's Motion for a Preliminary Injunction restraining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants from engaging in the activities that are subject of the above Temporary Restraining Order;

(11)    Plaintiff shall serve a copy of the *Ex Parte* Application and this Order and all other pleadings and documents on file in this action on Defendants by posting a copy of the *Ex Parte* Application and this Order on the website located at http://servingnotice.com/oft/index.html within forty-eight (48) of the Subject Domain Names being transferred to the Go Daddy holding account and such notice shall so given shall be deemed good and sufficient service thereof.  Plaintiff shall thereafter further provide notice of these proceedings and copies of the documents on file in this matter to Defendants using all email addresses identified in the registration data for each of the Subject Domain Names.  Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for November 15, 2010, and filed with the Court, along with Proof of Service, on November 13, 2010.  Plaintiff shall file any Reply Memorandum on or before November 14, 2010.  The above dates may be revised upon stipulation by all parties and approval of this Court.  Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against him pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

**SEAL ORDER**

(12)    It is further **ORDERED** that for good cause shown, Plaintiff's Motion for Order Temporarily Sealing the File is **GRANTED**.  The file in this case shall remain sealed until the Subject Domain Names are transferred to the Court's control as ordered herein.  At that time, the Court will enter an order unsealing the file and directing the Clerk to make all documents on file in this matter accessible to the public.   Notwithstanding the foregoing Chanel may file additional sworn Affidavits as contemplated in Paragraph 8 hereof under seal and those Affidavits and any further Orders resulting there from shall be maintained under seal until released by further Order of this Court.

IT IS SO ORDERED.


DATED: <u>November 1, 2010 at 2:00 p.m.</u>        <u>s/Bernice Bouie Donald</u>
                                     BERNICE B. DONALD
                                     UNITED STATES DISTRICT JUDGE

**SCHEDULE A**
**DEFENDANT DOES 7-172 ALIASES**

???
Adam Wong
Airjordanforsale
Alotshoes Alotshoes
Andrei Grishechkin
Anuo
Asd Asd
Azhong Chen
Bai Fiefie
Barbara Palmer
Cai Lingling
Changwen Tu
Chen Chen
Chen Hai
Chen Yang
Chenhaibin
Chenshaofa
Chenzhixin
Chlsale Inc.
Christian Louboutin
Dan Liu
Dawi Chan
Dearpurses
Digirock, Inc.
Domains By Proxy, Inc.
Dongdong Zhao
Edgar Torres
Eishe Eishe
Endeavor I.E.
Eshishang
Fang Tao
Fangchen
Feng Feng
Gao Fei
Gao Ting
Gaomeng
Gdasgf
Ghjkl
Guangguang Xu
Guangzhou Boyee Information Technology Co.,
Guo Yanya
Haiao Network
Han Guang

11

Huang Jianying
Huangyang Guo
Huizhen Lin
Huyitian
Hyb
Irene Pan
James Donald
Jeremy Tirolle
Jia Liu
Jian Lin
Jiancheng Lin
Jiang Zhihua
Jianhaokan
Jianming
Jianqing Chen
Jinxian Zhang
Jun Jie
Kevin Lee
Koji
Ksaler.Com
Lewis
Li Hang
Li Kaitai
Li Ping Xu
Li Xiao
Lijinda
Lijun
Lila Banafshe
Lin Zhi Ping
Linhaoran
Liu Hao
Liu Jun
Liu Ming
Liu Xiu Gao
Liu Yunfei
Liujinfa
Liumaying
Liyanghua
Luo Yang
Marco Gonzales
Merry Liny
Ming Zhao
Ni Lu Yang
Onepound
Panbenhai
Peng Cheng

Privacyprotect.Org
Protected Domain Services
Pryor Bill
Qiang Teng
Ren Xue
Ru Hua
Samdy Chen
Sean Mcneill
Sebastian
Shang Yanghui
Shi Juan Yao
Shiping Fang
Sihua Maoyi Co., Ltd
Simon Chen
Steven Wangkk
Su Qimei
Su Xin
Suen Wei
Tanjuanjuan
U-Replica-Watches
Us880
Value Domain
Wang Hua
Wang Shihuang
Wang Xiaoqiang
Wangjiangchuan
Wangxiqin
Webhost Ltd
Wei Xiao
Wen Dapao
Weng Huangteng
Wenjin Li
Whoisguard
Whoisprotection.Cc
Wholesale-Here Inc
William King
Wu Xin
Wuji
Wuxiaoying
Xiang Long Commerce Company
Xiaoli Chen
Xiaosuona
Xie Jiayi
Xie Li
Xieling
Xu Defu

Xu Qing
Yangxueli
Youmeihui
Yunfei Liu
Zhang Bin
Zhang Chuhong
Zhang Jie
Zhang San
Zhangyong
Zhao Kuang Yin
Zhej China
Zheng Liqun
Zhonshuntao
Zhu Jun Wen
Zihan Meng
北京春秋建礼品店

**SCHEDULE B**
**SUBJECT DOMAIN NAMES**

21centurybags.com
4bag4.com
8afashion.com
airjordanforsale.com
allbagshop.com
allofbags.com
allofchanel.com
alotshoes.org
an-christianlouboutin.com
bagaol.com
bagfrance.com
bagsboard.org
bagscabin.com
bagsfrance.com
bagsfrench.com
bagshobby.com
bagsop.com
bagsship.org
bagsshow.com
bestaring.com
brandjewelrysale.com
brands-center.com
buybagshere.com
buychaneljewelryonline.com
buycocochanel.com
buy-designer-boots.com
calbrena.com
cartierreplicawatches.net
centermalls.com
chanelashop.com
chanelbagoutlet.com
chanelbags2.com
chanelbags2010.com
chanelbagsoutlet.com
chanelcocoonsale.com
chanelfan.com
chanelhandbagstore.com
chaneljewelry.org
chaneljewelryonsale.com
chanel-online-shop.com
chanel-outlets-store.com
chanel-outlet-store.com
chaneloutletstore.net

15

chaneloutletstores.com
chanelsonline.com
chanel-sunglass-lover.com
cheapbagstore.com
cheap-chanel.com
cheapchanelbags.us
cheap-chanel-shopping.com
cheapchanelwatches.com
cheapclarksshoes.com
cheapretrojordan.com
chinacheapbags.com
chinawholesalesunglasses.com
chlsale.com
christianlouboutinsaleuk.net
christian-louboutin-shoes.org
coachhandbagss.com
cocobags.com
cocoschanel.com
csscoosite.com
designer2shoes.com
discounts-christianlouboutin.com
eby-store.com
ec23.com
enreplicas.net
eshishang.com
eshoesworld.com
eurluxury.com
evoguemall.com
famousbrandshop.com
fashionjewelrysale.com
fendsell.com
freplicahandbags.com
frreplicahandbags.com
getchinabest.com
global-bag.com
go-handbags.com
guccionlineoutlet.net
guccisoutlet.com
handbagair.net
handbagsangel.com
ikeepall.com
iluxuryonline.com
inikesneakers.com
ksaler.com
ladyhandbagssale.com
largejewelrysite.com

lirenhandbags.com
livedealmall.net
louis-vuitton-outlet.net
lovechanelhandbags.com
lovesmall.com
luckywholesaler.com
luxury-handbags-lady.com
luxuryowner.net
mainbags.org
meetbags.com
mirrorwatch.com
mmebay.com
mybagsroom.net
mylike123.com
my-luxuryhandbags.com
myphonecard.cn
myretrokicks.com
mysubmariner.com
namebrandsfashions.com
nikespaces.com
obhandbags.com
okeyxixi.com
patty-schnyder.com
pick-designer-shoes.com
prevalentbags.com
pursefocus.com
purse-mall.com
replica4sgs.com
replicabags4u.com
replicabagscenter.com
replicabagscn.com
replicachanels.com
replicacn.net
replicaexpert.us
replicahandbags963.com
replicahandbagss.com
replicainchina.com
replicaonlinebags.com
replica-product.com
replicaslouisvuitton.net
replicatiffanys.net
replicawatches5.com
replicawatcheshk.com
salebesthandbags.com
sale-sunglasses.net
sandalsbay.com

sf46.com
shehandbag.net
shoeinshoes.com
shoes2toryburch.com
shoesbagsbags.com
silverdesignerjewelry.com
silverjewelrylife.com
sogokey.com
sunglassesfield.com
sunglassesoo.com
sunglassesviponsale.com
sunglasssky.com
tiffanyreplicas.net
tiffanysjewelry.net
top1handbag.com
topareplicas.com
topchanelbagsonsale.com
tophotwatches.com
topursestore.com
u-replica-watches.com
us-sunglassesale1.com
vipsneaker.com
wantlouboutinshoes.com
watcheslux.com
watchsever.com
wholesale567.com
wholesale-here.com
wholesale-hub.com
wholesale-mall.com
wholesaler-handbag.com
women2shoes.com

Memphis 1882519v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60585-COHN/SELTZER

CHANEL, INC.,
a New York Corporation,

      Plaintiff,

v.

LIU ZHIXIAN
and DOES 1-10,

      Defendants.
_____/

## TEMPORARY RESTRAINING ORDER AND STATUS REPORT ORDER

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 6] ("Motion"). The Court has carefully considered the Motion and is otherwise advised in the premises.

Plaintiff, Chanel, Inc. ("Chanel") moves *ex parte*, pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order against Defendants Liu Zhixian and Does 1-10 (collectively the "Defendants") d/b/a chanel2u.com, chanel4u.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-sandals.com, chanel-scarf.com, chanelswimwear.com, chaneltalk.com, okchanel.com, and brandshoesbar.com (the "Subject Domain Names"), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). Plaintiff alleges that Defendants "are promoting, advertising, distributing, offering for sale and selling counterfeit and infringing Chanel branded products within this Judicial District through various fully interactive commercial Internet websites." DE 6 at 1.

According to Plaintiff,

> Defendants have (1) deprived Chanel of its right to determine the manner in which Chanel's trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are valuable, authorized goods of Chanel; (3) deceived the public as to Chanel's sponsorship and/or association of Defendants' goods and the websites through which such goods are marketed and sold; and (4) wrongfully traded and capitalized on Chanel's reputation and goodwill and the commercial value of Chanel's trademarks.

Id. at 2.

> Rule 65 sets forth the procedures for obtaining a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court has reviewed Plaintiff's Complaint, Application, and supporting evidentiary submissions. Plaintiff has set forth in affidavits specific facts that clearly show Defendants are marketing and selling counterfeit versions of Plaintiff's merchandise. Consequently, the Court finds that a temporary restraining order is necessary to prevent continuing, immediate and irreparable injury to Plaintiff.

Furthermore, Plaintiff's counsel has certified in writing that it has attempted to notify Defendants of this action. Plaintiff's counsel has explained in a detailed, sworn declaration the efforts he has made to identify Defendants' identities and addresses. For example, Plaintiff investigated the physical contact addresses provided for the Subject Domain Names and determined the addresses to be false or invalid. Plaintiff's

counsel, therefore, has adequately described the efforts he has made to give

Defendant notice of this action and the reasons why notice should not be required.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte*

Application for Entry of a Temporary Restraining Order and Order to Show Cause Why

a Preliminary Injunction Should Not Issue [DE 6] is **GRANTED IN PART** as follows:

## TEMPORARY RESTRAINING ORDER

1.       Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are temporarily restrained from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel trademarks identified in Paragraph 9 of the Complaint in this matter (the "Chanel Marks"), or any confusingly similar trademarks; from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of the following: (i) any products, not manufactured or distributed by Chanel, that bear the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks;

2.       Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with

all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names.

3.  Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names.

4.  The top level domain (TLD) Registry for the Subject Domain Names within five (5) days of receipt of this Temporary Restraining Order will deposit control of the Subject Domain Names into the registry of the Court.  While the Subject Domain Names are in the registry of the court, the TLD registry will place them on "hold" status and remove the domains from the TLD zone files maintained by the Registry which link the domain names to the IP address where the sites are hosted.

5.  Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order.

6.  This Temporary Restraining Order shall take effect at 5:00 p.m. on April 21, 2010 and remain in effect until 5:00 p.m. on May 5, 2010.  Pursuant to Rule 65(b)(2), upon a showing of good cause, the Court may extend the Temporary Restraining Order for a like period.

4

7.          Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint.  Plaintiff shall post the bond prior to requesting the Registrars or Registry to transfer control of the Subject Domain Names to the Court registry.

## Order Denying Without Prejudice Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue

Plaintiff has moved the Court to enter an order for Defendants to show cause why a preliminary injunction should not issue.  See Motion.  The Court, however, may issue a preliminary injunction "only on notice to the adverse party."  Fed. R. Civ. P. 65(1).  Here, a review of the docket reveals that Defendants have not yet been served in this action.  Thus, it is not apparent how Defendants will be put on notice of the preliminary injunction hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff will file a **STATUS REPORT** no later than May 3, 2010, indicating what efforts Plaintiff has made to serve Defendants, what further efforts Plaintiff will make to effectuate service of process on Defendants (e.g., publication in print, publication on websites, etc.),[1] why such a method of effectuating service is legally sufficient under the facts of this case, and whether Plaintiff intends to move for a preliminary injunction before the expiration of the

---

[1]          For example, in National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D. N.C. 2008), the United States District Court for the Western District of North Carolina determined in a counterfeit goods case that Plaintiff NASCAR could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the NASCAR website.  Id. (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16 (1950).

Temporary Restraining Order.

It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff's Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 6] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 21st day of April, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DECKERS OUTDOOR CORPORATION, )
                                           )
                Plaintiff, )
                                           )
        v. )      Case No. 11-cv-10
                                           )      **Honorable Judge Darrah**
DOES 1-55 d/b/a the aliases identified on )
Schedule "A" and DOES 56-500, )
                                           )
           Defendants. )
                                           )
                                           )

**ORDER**

      THIS CAUSE being before the Court on Plaintiff's Ex Parte Application for entry of a Temporary Restraining Order and Preliminary Injunction, Domain Name Transfer Order, Asset Restraining Order, Expedited Discovery Order and Order to allow Service by Electronic Mail and (the "Ex Parte Application") and the Court having heard the evidence before it, this Court hereby GRANTS Plaintiff's Ex Parte Application in its entirety and orders as follows:

1. Defendants, their officers, agents, servants and employees and any persons in active concert or participation are hereby temporarily, preliminarily and permanently enjoined from:

      a. using Deckers' UGG Trademark or any reproduction, counterfeit, copy or colorable imitation of Deckers' UGG Trademark in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Deckers, or in any manner likely to cause others to believe that Defendants' products

1

are connected with Deckers or Deckers' genuine UGG products bearing Deckers' UGG Trademark;

b. passing off, inducing or enabling others to sell or pass off any boots, sandals, or other items which are not Deckers' genuine merchandise as Deckers' genuine merchandise;

c. committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Deckers' genuine merchandise unless they are such;

d. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner sheepskin boots or other items falsely bearing Deckers' UGG Trademark, or any reproduction, counterfeit, copy or colorable imitation of same;

e. utilizing the Defendant Domain Names and registering any additional domain names that use or incorporate any of Deckers' UGG Trademark; and

f. restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth;

2. The top-level domain registry for the Defendant Domain Names, within two (2) business days of receipt of the Temporary Restraining Order, shall transfer the Defendant Domain Names to a registrar of Deckers' selection to hold and disable the Defendant Domain Names until further order from this Court;

3. That discovery herein may begin immediately by Deckers by providing actual notice, pursuant to subpoena, e-mail or otherwise, of this Order to any of the following:

a. Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

2

b. any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; or

c. any third party service providers, including without limitation the online B2B selling platforms Internet service providers, backend service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants;.

4.  That any that any third party providing services in connection with any Defendants, Defendants websites at the Defendant Domain names or other website operated by Defendants including without limitation, Internet Service Providers ("ISP") , back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall within two (2) business days after receipt of such notice, provide to Deckers copies of all documents and records in such person or entity's possession or control relating to:

a. The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Websites, Defendant Domain Names and financial accounts;

3

b. Defendants' websites;

c. The Defendant Domain Names or any domain name registered by Defendants; and

d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA);

5. That Deckers may complete service of process on Defendants by electronic mail at the e-mail addresses identified in Schedule A to Deckers' Complaint filed in this matter; such service shall be made immediately upon Deckers' receiving notice that the Third Party Providers have fully complied with the requirements of this Order.

6. That in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' websites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Websites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of

Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Deckers' counsel within two (2) business days' of written notice to the Court and Deckers' counsel, may, upon proper showing that particular assets are not proceeds of Defendants' counterfeiting activities, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets accordingly;

7. That this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal;

8. That Deckers sign and file with the Court a personal guarantee in the amount of five hundred thousand dollars $500,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

9. This Temporary Restraining Order without notice is entered at 11 a.m. on February 3, 2011 and the matter is continued until February 15, 2011.

JOHN W. DARRAH
United States District Court Judge    2/3/11

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | ) | |
| | ) | |
| | ) | Case No. 11-cv-7970 |
| Plaintiff, | ) | |
| | ) | **Honorable Ronald A. Guzman** |
| v. | ) | |
| | ) | **Magistrate Martin C. Ashman** |
| DOES 1-101 d/b/a the aliases identified on | ) | |
| Schedule "A" and DOES 102-500, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## SEALED ORDER

THIS CAUSE being before the Court on Plaintiff's Motion to Extend the Temporary Restraining Order, and the Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety and orders as follows:

(1) That the Temporary Restraining Order ("Order) entered on November 15, 2011 shall be extended for a period of fourteen (14) days until 9:00 A.M. on December 13, 2011 and shall apply to the Defendants and Defendant Domain Names identified in Schedule A attached to the original Order and to the newly discovered domain names operated by Defendants and identified in Schedule B attached hereto;

(2) A hearing is set before this Court in the United States Courthouse located at 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 1801 on Monday December 12, 2011, at 10:30 A.M. or at such other time that this Court deems appropriate, on Deckers' Motion for a Preliminary Injunction against Defendants extending the relief granted to Deckers in the Order until the disposition of these proceedings; and

(3) Pursuant to paragraph 6 of the Order, Deckers will provide notice of these proceedings and the above preliminary injunction hearing to Defendants by electronic mail at the e-mail addresses identified in Schedule A to Deckers' Complaint and electronic publication at the Defendant Domain Names which are transferred to Deckers' control; such notice shall be made immediately upon Deckers' receiving notice that the Third Party Providers have fully complied with the requirements of this Order.

ENTERED at **28** on November 28, 2011

U.S. District Court Magistrate Judge Martin C. Ashman

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 5523 |
| | ) | |
| DOES 1-100 d/b/a the alias identified in Schedule "A," | ) | |
| | ) | |
| Defendants. | ) | |

## SEALED ORDER

This matter is before the court on Plaintiff Deckers Outdoor Corporation's (Deckers) *Ex Parte* Motion for entry of a Temporary Restraining Order, Domain Name Transfer Order, Asset Restraining Order, Expedited Discovery Order and Order to allow Service by Electronic Mail and Electronic Publication (Ex Parte Motion) against Defendants identified in Schedule A, and attached hereto, by each unique email address and using at least the domain names identified in Schedule A (Defendant Domain Names) and the online marketplace accounts identified in Schedule A (Online Marketplace Accounts), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Ex Parte Motion in its entirety and orders that:

Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert

with them be temporarily enjoined and restrained from:

(1) using Deckers' UGG Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Deckers' UGG branded product or not authorized by Deckers to be sold in connection with Deckers' UGG Trademark;

(2) passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG branded product or any other product produced by Deckers, that are not Deckers' or not produced under the authorization, control or supervision of Deckers and approved by Deckers for sale under Deckers' UGG Trademark;

(3) committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Deckers, or sponsored or approved by, or otherwise connected with Deckers;

(4) further infringing Deckers' UGG Trademark and damaging Deckers' goodwill;

(5) otherwise competing unfairly with Deckers in any manner;

(6) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Deckers, nor authorized by Deckers to be sold or offered for sale, and which bear any Deckers' UGG Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

(7) using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit UGG products; and

(8) operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any product bearing Deckers' UGG Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Deckers' UGG branded product or not authorized by Deckers to be sold in connection with Deckers' UGG Trademark.

The domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five (5) business days of receipt of this Order, shall unlock and change the registrar

of record for the Defendant Domain Names to MarkMonitor or a registrar of Deckers' selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to MarkMonitor or a registrar of Deckers' selection until further ordered by this Court. Those in privity with Defendants and those with notice of the injunction, including any online marketplace such as iOffer, Internet search engines, web hosts, domain name registrars and domain name registries that are provided with notice of the injunction, shall immediately cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the UGG Trademark.

Discovery herein by Deckers may continue by providing actual notice, pursuant to subpoena, e-mail or otherwise, of this Order to any of the following:

(1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

(2) any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party payment processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; or

(3) any third party service providers, including without limitation the online B2B selling platforms including iOffer, Internet service providers, backend service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants.

Any third party providing services in connection with any Defendants, Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing service providers, shippers, domain name registrars and domain name registries (collectively referred to as "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Deckers copies of all documents and records in such person's or entity's possession or control relating to:

(1) The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Websites, Defendant Domain Names and financial accounts; Defendants' websites;

(2) The Defendant Domain Names or any domain name registered by Defendants; and

(3) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

Defendants and any persons in active concert or participation with them shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further order from this Court. Any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, for any Defendant or any of Defendants' websites, shall immediately locate all accounts held by or connected with Defendants or Defendants' websites and any such accounts shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further order from this Court.

Deckers may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.

R. Civ. P 4(f)(3), by electronic mail at the e-mail addresses identified in Schedule A to Deckers' Complaint and electronic publication at the Defendant Domain Names which are transferred to Deckers' control; such notice shall be made immediately upon Deckers' receiving notice that the Third Party Providers have fully complied with the requirements of this Order. Schedule A and Exhibits 1 and 2 attached to the Declaration of Justin R. Gaudio shall remain sealed until further ordered by this Court.

Deckers shall deposit with the Court Ten Thousand dollars ($10,000.00) as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Deckers or on shorter notice as set by this Court. This Temporary Restraining Order without notice is entered at 10:00 a.m. on July 24, 2012 and shall remain in effect for (14) fourteen days at which time Deckers can seek an extension. A status hearing is set for August 7, 2012, at 9:00 a.m.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 24, 2012

# Schedule A

| Defendant Domain Names | | |
|---|---|---|
| **Domain Name** | **Defendant / Registrant Name** | **Registrant Email** |
| brand-clothing.com | Feixiong Wang | 10002000qq@163.com |
| uggbootretail.com | xin mie | 1098209109@qq.com |
| uggsoutletstores12.net | Wang Xiaobin | 1206745700@pp.com |
| outlets-storeuggs12.net | Wang Xiaobin | 1206745700@pp.com |
| outlets-storeuggs12.org | Wang Xiaobin | 1206745700@pp.com |
| uggbootsforcheapau.com | Mark Weng | 1243387293@qq.com |
| onlinestoresmarket.com | chenwenhong | 1251781146@qq.com |
| onlinestores-outlet.com | chenwenhong | 1251781146@qq.com |
| outletonline-stores.com | chenwenhong | 1251781146@qq.com |
| supermarket-stores.com | chenwenhong | 1251781146@qq.com |
| outlet-onlines.com | chenwenhong | 1251781146@qq.com |
| salecheapbootsstore.com | linsan trading | 1272555204@qq.com |
| cheapuggbootsonoutlet.com | zhu fei | 13568965522@qq.com |
| china1wholesale.com | L john | 1372976450@qq.com |
| cheapuggsoutletus.org | cheap uggs | 137675539@qq.com |
| cheapuggsoutletsus.com | cheap uggs | 137675539@qq.com |
| cheapuggsoutletusy.org | cheap uggs | 137675539@qq.com |
| uggsclearanceau.net | Li Yun | 1376956878@qq.com |
| hotshoesbag.com | jinsenianhua gongsi | 1430425294@qq.com |
| socheapsneakers.com | china gongsi | 1430425294@qq.com |
| madecheapsneakers.com | china gongsi | 1430425294@qq.com |
| gocheapsneakers.com | jinsenianhua gongsi | 1430425294@qq.com |
| wholesalepricesneakers.com | jinsenianhua gongsi | 1430425294@qq.com |
| outlet-storeuggs12.info | onlinesell onlinesell | 1484959429@qq.com |
| outlets-storeuggs12.info | onlinesell onlinesell | 1484959429@qq.com |
| uggsoutletstores12.info | onlinesell onlinesell | 1484959429@qq.com |
| southfloridaspeedleague.com | shopsonline shopsonline | 1520656065@qq.com |
| uggclearance-uggclearance.com | Yang Yang | 15775321@qq.com |
| ownbootsok.com | chou dan | 1583327205@qq.com |
| bootsokboots.com | chou dan | 1583327205@qq.com |
| bootsukhere.com | chou dan | 1583327205@qq.com |
| bootsoursboots.com | chou dan | 1583327205@qq.com |
| outlet-clearance.com | Su Fei | 1588768788@qq.com |
| nikeyard.com | weifu lin | 1600226392@qq.com |
| ugg-soldes-france.org | criscilla hepeda | 1648272174@qq.com |
| cheapbootsoverstock.com | Tian Shen | 1846720060@qq.com |
| bootsclearancesalestore.com | Tian Shen | 1846720060@qq.com |
| bootsforcheapstore.com | Tian Shen | 1846720060@qq.com |

| | | |
|---|---|---|
| bootsoutletstoreskids.com | Tian Shen | 1846720060@qq.com |
| cheapbootsforwomenstore.com | Tian Shen | 1846720060@qq.com |
| christmasbootsoutlet.com | Tian Shen | 1846720060@qq.com |
| girlsbootsoutletstore.com | Tian Shen | 1846720060@qq.com |
| outletstoreforu.com | Tian Shen | 1846720060@qq.com |
| saleoutletboots.com | Tian Shen | 1846720060@qq.com |
| cheapestsnowbootsuk.com | Tian Shen | 1846720060@qq.com |
| outletstorecheap.com | Tian Shen | 1846720060@qq.com |
| saleoutletbootsstore.com | Tian Shen | 1846720060@qq.com |
| cheapbootsstoresale.com | Tian Shen | 1846720060@qq.com |
| bestbootsoutletstore.com | Tian Shen | 1846720060@qq.com |
| clearancebootsstore.com | Tian Shen | 1846720060@qq.com |
| outletbootsonsale.com | Tian Shen | 1846720060@qq.com |
| cheapbootsclearance2012.com | Tian Shen | 1846720060@qq.com |
| girlsbootsstore.com | Tian Shen | 1846720060@qq.com |
| storebootsclearance.com | Tian Shen | 1846720060@qq.com |
| wholesalebootsstore.net | Tian Shen | 1846720060@qq.com |
| bestbootforus.com | Tian Shen | 1846720060@qq.com |
| bootsstoreoutlet.com | Tian Shen | 1846720060@qq.com |
| outletbootsclearance.com | Tian Shen | 1846720060@qq.com |
| 2011bootsoutletstore.com | Tian Shen | 1846720060@qq.com |
| bootsforchristmasstore.com | Tian Shen | 1846720060@qq.com |
| bestbootsforus.com | Tian Shen | 1846720060@qq.com |
| bestbootsforus.net | Tian Shen | 1846720060@qq.com |
| outletstoreboots.com | Tian Shen | 1846720060@qq.com |
| wholesalebootsstore.com | Tian Shen | 1846720060@qq.com |
| topbootsonclearance.com | Tian Shen | 1846720060@qq.com |
| storebootscheap.com | Tian Shen | 1846720060@qq.com |
| sparkly-ugg-boots.com | linghangxinhai | 1943134228@qq.cm |
| uggboots-sale.net | Fuzhou Kangdaxiemao Co., Ltd. | 1963825650@qq.com |
| ugg-sale.org | Fuzhou kangdaxiemao Co., Ltd | 1963825650@qq.com |
| bootuggsale.net | WhoisGuard | 1dc6aed69c5e4c3fbae01c62406af243.protect@whoisguard.com |
| searchkicks.com | wei qing shang | 200016116@qq.com |
| uggsoutlets.net | chenweiyuan | 21813142@qq.com |
| uggs.us.com | chen xiaod | 23126188@qq.com |
| uggs-outletclearance.org | Wang Meimei | 23196686@qq.com |
| uggboots5815outlet.com | WhoisGuard | 237d0c4cd47e4dcf927ae3b10ee575e3.protect@whoisguard.com |

| | | |
|---|---|---|
| getuggboots.com | hongenen | 2677942315@qq.com |
| uggaustraliade.org | linfeng | 277282802@qq.com |
| commbay.com | DOMAIN WHOIS PROTECTION SERVICE | 290615769312@whoisprivacyprotectionservices.com |
| cheapuggsoutletsus.org | cheap uggs | 314167127@qq.com |
| cheapuggsoutletusc.com | cheap uggs | 314167127@qq.com |
| cheapuggsoutletusp.org | cheap uggs | 314167127@qq.com |
| uggbootsuppliers.com | WhoisGuard | 32a3cbcdfaea4e82bb9b4390a3c5dd76.protect@whoisguard.com |
| discountuggboots3us.com | john ni | 33980281@qq.com |
| uggcamp.com | z8soft | 344423232@qq.com |
| eucheapugg.com | z8soft | 344423232@qq.com |
| hibootsclearance.com | asd dsgsdfas | 3636673@163.com |
| herecheapboots.com | asd dsgsdfas | 3636673@163.com |
| ugg-bailey-button-store.com | zhang bayi | 369702543@qq.com |
| black-sparkle-uggs.com | zhang bayi | 369702543@qq.com |
| bootsmall.biz | WhoisGuard | 3ea68cf0041744fb9fa434ac1878c9a8.protect@whoisguard.com |
| ugg.bootsmall.biz | WhoisGuard | 3ea68cf0041744fb9fa434ac1878c9a8.protect@whoisguard.com |
| buynike.net | zhang shuahua | 3shuhua@gmail.com |
| sunglassesoutlet2012.com | Osmody Trading CO.,TLD | 404788823@qq.com |
| timberland-onsale.com | Osmody Trading CO.,TLD | 404788823@qq.com |
| brandcapssale.com | Osmody Trading CO.,TLD | 404788823@qq.com |
| wallethatsale.com | Osmody Trading CO.,TLD | 404788823@qq.com |
| nbaofficialwebsite.com | Osmody Trading CO.,TLD | 404788823@qq.com |
| foxfuruggboots.com | wu gengrong | 42029081@qq.com |
| opencheapss.com | huang qing lu | 46df4s@25.com |
| clearancebootsoutlet.com | WhoisGuard | 4bd8dc81c70c42bf84b843503850b294.protect@whoisguard.com |
| discountsneaks.com | zheng yu | 506120909@qq.com |
| uggaustralia-italia.org | zhuang13 zhuang1300 | 5428824533@qq.com |
| bandphoto.net | xiak | 544182229@qq.com |
| sfrp.org | xiak | 544182229@qq.com |
| uggall.net | wu jian sheng | 551427272@qq.com |
| ugggift.org | wu jian sheng | 554517272@qq.com |
| jimmychoo-ugg.us | Bridget | 5674565@126.com |
| distinctugg.com | huang hailian | 602509172@qq.com |

| | | |
|---|---|---|
| uggs-outletclearance.com | Liu Cheng | 626346789@qq.com |
| popmvp.com | zhangyi | 6333333@263.net |
| cheapbootsshow.com | asd dsdasdfasd | 654545663@163.com |
| bootssteps.com | asd dsdasdfasd | 654545663@163.com |
| bootsclearanceugg.com | WhoisGuard | 69342bb9066e482882c62b678b3cb74e.p rotect@whoisguard.com |
| cheapuggbootssale-uk.net | wang ming | 703353755@qq.com |
| cheapuggbootssaleuk-v.com | dong er | 703353755@qq.com |
| cheapuggbootssaleuk-v.net | dong er | 703353755@qq.com |
| cheapuggbootssaleukshop.com | dong er | 703353755@qq.com |
| cheapuggboots-o.com | dong er | 703353755@qq.com |
| cheapuggboots-v.net | dong er | 703353755@qq.com |
| cheapuggboots-o.net | dong er | 703353755@qq.com |
| discount-ugg-boots.us | zhou kai | 718358848@qq.com |
| uggs-boots-clearance.us | zhou kai | 718358848@qq.com |
| cheapuggbootssales.us | zhou kai | 718358848@qq.com |
| lotteugg.com | lin xiansheng | 71974200@qq.com |
| warmbootshotsale.com | xiao mu | 73368p@126.com |
| emubootsgroup.com | Song Hai | 741448791@qq.com |
| cheapuggbootsonlinesale.com | fghg | 743430256@qq.com |
| discountuggbootonsale.com | fghg | 743430256@qq.com |
| kenggis.com | xie teng huang | 765765@765765.com |
| discountuggboots2011.com | liao wu | 771063409@qq.com |
| cheapbootssaleonline.com | Ou ShiQuan | 78952@163.com |
| spartoouk.com | dou hao | 797jlfsjadl@fsa.com |
| theuggoutletstore.com | Zheng Yuanbo | 80177476@qq.com |
| bbcwholesale.com | 823309927 | 823309927@qq.com |
| uggsoutletrotterdam.org | ye yu | 859336093@qq.com |
| goedkopeuggsbestellen.com | zhang zhanzhan | 859336093@qq.com |
| lbb-trade.com | zheng zhiyong | 88621110@qq.com |
| boots4canada.com | lin xiansheng | 89311248@qq.com |
| canadaboots-sale.com | lin xiansheng | 89311248@qq.com |
| saleboots-canada.com | lin xiansheng | 89311248@qq.com |
| ugg6canada.com | lin xiansheng | 89311248@qq.com |
| shoptrade168.com | binxu | 97042570@qq.com |

| | | a5582p44fe13af06b4fd@t02cduv4f7f99a |
|---|---|---|
| botteuggpaschere.org | Fundacion Private Whois | 255f64.privatewhois.net |
| | | abercrombieandfitchtwitter@hivaserver. |
| ugg-italia-milano-prezzo.com | Jim Peters | com |
| glorytrader.com | Huang ming | admin@glorytrader.com |
| afforduggboots.com | caoxianghua | afforduggboots@163.com |
| uggbootsbank.org | hexiaonan | afforduggboots@163.com |
| 4youtrade.com | Ke xianhong | agent20078@agent.dns.com.cn |
| uggbootitaly.info | Woody Javon | AguonAndersonkqv@yahoo.com |
| uggsonireland.info | Barrett Reon | Aimeetanxuz9svky@yahoo.com |
| bootsoutlet-store.com | Charles Lincoln | aitneal@yahoo.com |
| aj-wholesale.org | Tang Xin yu | aj-wholesale@hotmail.com |
| bootsclubs.com | wang xiaoxiao | alleyhello@yeah.net |
| bootsbook.com | li shishi | alleyhello@yeah.net |
| allrightuggboots.com | wuweilu | allrightuggboots@163.com |
| hotuggsbootsonline.com | chi cheng | angel15451@163.com |
| simpletrading.org | HuangXiuYing | asdasdasfafa@136.com |
| wholesale-order.net | Liang Xuelan | astime@139.com |
| auntboots.com | xixiangjing | auntboots@163.com |
| bestellenboots.com | dong li | bbsd@126.com |
| themonclerjacketforsale.com | john david | beafoxqq@hotmail.com |
| bootsmanager.com | sun yichun | bedanding@yeah.net |
| furbootclearance.com | Bell | bell@gmail.com |
| xmasuggboots.com | GolfStylist | bellmasonse@hotmail.com |
| saleuggbootsclassic.com | ben franklin | benfrank@sohu.com |
| outlet-ugg.org | jinjing guang | bentrsoft@live.com |
| theuggboots.biz | Theuggboots trading | blacknike@yahoo.cn |
| stiefeluggch.com | wenfei zheng | bm35085@163.com |
| bootsstoreus.com | wenfei zheng | bm35085@163.com |
| bestbootscanada.com | wenfeizheng | bm35085@163.com |
| discountbootssale.org | wenfeizheng | bm35085@163.com |
| bottesfrance.org | wenfeizheng | bm35085@163.com |
| uggaustraliaoutletstores.com | fu tian | boai0596@hotmail.com |
| bottesoldespascher.com | Amy Smith | bottesoldespascher@hotmail.com |
| uggsheepskincuffstore.com | lin hailu | BrianccSigel@yahoo.com |
| ugg-soldes-fr.com | Businessa Funa | BSINESSXIAMEN1@GMAIL.com |

| nicebootsforuk.com | will glem | btt005@gmail.com |
|---|---|---|
| | | c2eiimf4fbc7ee671514@t02cduv4f7f99a |
| discountuggsoutletonsale.com | Fundacion Private Whois | 255f64.privatewhois.net |
| buyingnfl.com | kooljerseys sport | carmengotone@live.cn |
| uggclearanceoutlet1.com | Todd Powell | cathycrinigana@gmail.com |
| cauggboots.net | caufficiCaUggBoots | CaUggBootsca@yahoo.com |
| | | ch8299u4f84c7bc8ade2@t02cduv4f7f99a |
| ugg-stiefel-outlets.com | Fundacion Private Whois | 255f64.privatewhois.net |
| huaruishoes.com | haifei zhang | chaoyuetrade@gmail.com |
| buydiscountwomenshoes.com | jordan max | cheapshoes@yeah.net |
| cheapuggbootssaleukx.com | Protected Domain Services - Customer ID: NCR-3732356 | cheapuggbootssaleukx.com@protectedd omainservices |
| cheap-uggbootsx.com | Protected Domain Services - Customer ID: NCR-3825876 | cheap-uggbootsx.com@protecteddomainservic es.com |
| cheapuggboots-x.net | Protected Domain Services - Customer ID: NCR-3814693 | cheapuggboots-x.net@protecteddomainservices.com |
| cheap-uggbootsx.net | Protected Domain Services - Customer ID: NCR-3834834 | cheap-uggbootsx.net@protecteddomainservice s.com |
| lovemyshoeslee.com | dan chen | chendanli2011@gmail.com |
| heaven-uggs.com | Shunfeng,LTD | chunbyn2475@163.com |
| heavenuggs.net | Shunfeng,LTD | chunbyn2475@163.com |
| heavenuggs.org | Shunfeng,LTD | chunbyn2475@163.com |
| uggsforcheap100.org | Shunfeng,LTD | chunbyn2475@163.com |
| uggforcheaps100.com | Shunfeng,LTD | chunbyn2475@163.com |
| uggsforcheap100.net | Shunfeng,LTD | chunbyn2475@163.com |
| uggbootsugg.com | zheng hong | classicdesigneritems@hotmail.com |

| | | |
|---|---|---|
| classic-ugg-boots-clearance.com | liu tie cheng | classic-ugg-boots-clea@rance.com |
| ugg-ya.net | cn jp | cn2jpmarks@gmail.com |
| billigestovlerudsalg.com | zhejin | common1848210350@foxmail.com |
| tilbudstovleronline.com | zhejin | common1848210350@foxmail.com |
| stovler-danmark.com | yueepeng | common1848210350@foxmail.com |
| stiefelvondeutschland.com | zhejin | common1848210350@foxmail.com |
| billigbootsshop.com | yueepeng | common1848210350@foxmail.com |
| billigboots.com | zhejin | common1848210350@foxmail.com |
| kaufenbootsdeutschland.com | zhejin | common1848210350@foxmail.com |
| kaufenbootsonline.com | zhejin | common1848210350@foxmail.com |
| billigstiefelde.com | zhejin | common1848210350@foxmail.com |
| jackenmonclergunstig.com | yueepeng | common1848210350@foxmail.com |
| discountbootsus.com | yueepeng | common1848210350@foxmail.com |
| buywholesaleok.com | zhejin | common1848210350@foxmail.com |
| boots-finland.com | li ling | common1848210350@foxmail.com |
| kenkanettikauppa.com | lv an | common1848210350@foxmail.com |
| lesbottesuggboutique.com | yueepeng | common1848210350@foxmail.com |
| lesbottesboutique.com | zhejin | common1848210350@foxmail.com |
| acheterbottesenfrance.com | zhejin | common1848210350@foxmail.com |

| | | |
|---|---|---|
| bottessoldesfr.com | zhejin | common1848210350@foxmail.com |
| pascherbottesvente.com | zhejin | common1848210350@foxmail.com |
| acheterbottesonline.com | zhejin | common1848210350@foxmail.com |
| bottesventepascher.com | zhejin | common1848210350@foxmail.com |
| bottespaschersoldes.com | zhejin | common1848210350@foxmail.com |
| bottesmoinschervente.com | zhejin | common1848210350@foxmail.com |
| comprastivalionline.com | zhejin | common1848210350@foxmail.com |
| compraonlinestivali.com | zhejin | common1848210350@foxmail.com |
| venditaonlinestivali.com | zhejin | common1848210350@foxmail.com |
| stivalionlinecompra.com | zhejin | common1848210350@foxmail.com |
| stivalioutletitalia.com | zhejin | common1848210350@foxmail.com |
| stivalivenditaitalia.com | zhejin | common1848210350@foxmail.com |
| venditabootsitalia.com | zhejin | common1848210350@foxmail.com |
| venditastivaliit.com | xia jincai | common1848210350@foxmail.com |
| monclershopitalia.com | yueepeng | common1848210350@foxmail.com |
| goedkopelaarzenkopen.com | zhejin | common1848210350@foxmail.com |
| laarzenkopennederland.com | zhejin | common1848210350@foxmail.com |
| laarzennederlandwinkel.com | zhejin | common1848210350@foxmail.com |
| bestellenlaarzennederland.com | zhejin | common1848210350@foxmail.com |
| bestellenlaarzenonline.com | zhejin | common1848210350@foxmail.com |
| goedkopelaarzenbestellen.com | zhejin | common1848210350@foxmail.com |

| | | |
|---|---|---|
| laarzeninnederland.com | zhejin | common1848210350@foxmail.com |
| stovlettersalg.com | bi mengshan | common1848210350@foxmail.com |
| stovlaronlinerea.com | | |
| | zhejin | common1848210350@foxmail.com |
| stovlarreasverige.com | zhejin | common1848210350@foxmail.com |
| stovlarisweden.com | lv an | common1848210350@foxmail.com |
| billigastovlarsverige.com | zhejin | common1848210350@foxmail.com |
| kopaskorisverige.com | zhejin | common1848210350@foxmail.com |
| stovlerbilligeonline.com | xiyang | conqqcom@foxmail.com |
| stiefelsalebillig.com | xiyang | conqqcom@foxmail.com |
| billigbootsde.com | liao yani | conqqcom@foxmail.com |
| billig-stiefel.com | liaoyani | conqqcom@foxmail.com |
| stiefeloutlet.org | xiyang | conqqcom@foxmail.com |
| bootsdiy.com | xiyang | conqqcom@foxmail.com |
| uggsbootsugguk.com | jiang zhengying | conqqcom@foxmail.com |
| cheapbootssaleuk.org | xiyang | conqqcom@foxmail.com |
| pascherbottesonline.com | Cameron Shelley | conqqcom@foxmail.com |
| pascheracheterbottes.com | liao yani | conqqcom@foxmail.com |
| stivalinegozio.com | liao yani | conqqcom@foxmail.com |
| comprastivaliit.com | Cameron Shelley | conqqcom@foxmail.com |
| stivaliitalianegozio.com | liao yani | conqqcom@foxmail.com |
| kopengoedkopelaarzen.com | liao yani | conqqcom@foxmail.com |
| schoenenkopenonline.info | Mackenzie Nelson | conqqcom@foxmail.com |
| monclerjackorrea.org | xiyang | conqqcom@foxmail.com |
| wholesalecopystore.com | PrivacyProtect.org | contact@privacyprotect.org |
| trade-party.com | PrivacyProtect.org | contact@privacyprotect.org |
| ugggreecegr.net | PrivacyProtect.org | contact@privacyprotect.org |
| uggbootsauoutlet2012.com | PrivacyProtect.org | contact@privacyprotect.org |
| ukuggscheap.com | PrivacyProtect.org | contact@privacyprotect.org |
| boots-boots.net | PrivacyProtect.org | contact@privacyprotect.org |
| cheapbootscanada.net | PrivacyProtect.org | contact@privacyprotect.org |
| bottesbelgique.net | PrivacyProtect.org | contact@privacyprotect.org |

| acheterchaussures.net | PrivacyProtect.org | contact@privacyprotect.org |
|---|---|---|
| stivalivenditaonline.net | PrivacyProtect.org | contact@privacyprotect.org |
| snowbootsonly.com | PrivacyProtect.org | contact@privacyprotect.org |
| cootrade.com | coo trade | cootrade@163.com |
| wholesale-cheapshoes.net | lin xiangsheng | dadas@dsads.com |
| dayboots.org | liangzhengwen | dayboots@hotmail.com |
| brand-konn.com | DOMAIN WHOIS PROTECTION SERVICE | domain@whoisprotectionservice.org |
| japanuggbootsonline.com | zhong tian | domains1990@hotmail.com |
| uggsoutlet-stores.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| cheap-uggsboots.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| uggsboots-outlet.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| uggsoutletonline.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| uggsboots-onsale.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| uggsfactorystores.org | Dominic Mcmanemy | dominicmcmanemy@hotmail.com |
| doneoutlet.com | zhongshan | doneoutlet@hotmail.com |
| doneshoes.net | luohong | doneshoes@yahoo.com |
| belgiqueugg.com | Bobbi Ronnie | duranwqho@yahoo.com |
| globalwinterboots.com | du yaolin | duyaolin@163.com |
| australiauggbootssydney.com | Fundacion Private Whois | eawulmt4fb204590385e@t02cduv4f7f99a255f64.privatewhois.net |
| ebuyingbrand.com | He Sheng | ebuyingbrand@hotmail.com |
| uggstopaustralian.com | WhoisGuard | ed0c6a172c1148128d1996d943789b2d.protect@whoisguard.com |
| wintershoesboots.com | long chen | effortforu@foxmail.com |
| australiauggsboots.org | aryou wood | effortforu@foxmail.com |
| e4dress.com | Wei Li | ehost080@hotmail.com |
| bootsdeals4u.com | chen saiyu | esellmall@126.com |
| cheapuggsface.com | Cordelia Meg | esteyjvdame@yahoo.com |
| cheapvoguejordan.com | ke sir | fdsfsdfsd@dfsdfsdf.com |
| cssoon.com | chenqing Lin | feedsky002@163.com |
| wholesalenikemax.com | Lin HuaLing | fenjing19@hotmail.com |
| top4biz.com | zhangchunhai | flyingstyle@live.cn |
| winterwomensboots.org | foo foogle | foogle@qq.com |

| macysuk.com | ta mai | fsadjlf@fsauoro.com |
|---|---|---|
| cheapugg-bootssaleuk.net | liu ming | fsdfgw@gmail.com |
| theuggs.com | zongbang lin | fuwenpan@msn.com |
| uggfakeboots.com | song fan | garrelleeu@hotmail.com |
| uggsfakeboot.com | song fan | garrelleeu@hotmail.com |
| putonuggboots.com | yang hucheng | googlemaiyou@163.com |
| guccioguccihandbags.com | Protected Domain Services - Customer ID: NCR-3698933 | guccioguccihandbags.com@protecteddo mainservices.com |
| uggsnewzealand.net | Wang HuangKong | gufengqiuye@163.com |
| loveboots99.info | kevin | gugebusiness@gmail.com |
| cosywarm.info | kevin | gugebusiness@gmail.com |
| ordernowtoday.info | kevin | gugebusiness@gmail.com |
| bootnice.com | kevin | gugebusiness@gmail.com |
| warmcosy99.info | kevin | gugebusiness@gmail.com |
| warmhere.info | kevin | gugebusiness@gmail.com |
| loveboots99.org | kevin | gugebusiness@gmail.com |
| loveboots99.us | kevin | gugebusiness@gmail.com |
| discountbootssalestore.com | kevin | gugebusiness@gmail.com |
| cheapclassicbootssale.com | kevin | gugebusiness@gmail.com |
| cheapmore.info | kevin | gugebusiness@gmail.com |
| bootsuniverse.com | kelaisi | harrishe001@hotmail.com |
| stovleruggdk.com | yang dongyi | hdwm12@hotmail.com |
| stovleridanmark.com | chen yanxiong | hdwm12@hotmail.com |
| bootssaleus.com | Daniel Thomas | hdwm12@hotmail.com |
| kidsbootssale.com | yang dongyi | hdwm12@hotmail.com |
| clearancebootsonline.com | xiaolansun | hdwm12@hotmail.com |
| kensingtonboots.com | yang dongyi | hdwm12@hotmail.com |
| bootssaleuk.org | xiaolansun | hdwm12@hotmail.com |
| chaussuresenfrance.com | xiaolan sun | hdwm12@hotmail.com |
| bottesbelgique.com | xiaolansun | hdwm12@hotmail.com |
| laarzenprijs.com | chen yanxiong | hdwm12@hotmail.com |
| topbayboots.com | shi tianlun | hintzeka@hotmail.com |
| topbayshoes.com | shi tianlun | hintzeka@hotmail.com |
| uggbootssalekaufen.com | hu qiang | hmbin01@163.com |
| pas-cher-ugg.org | HOLEla Xdk | homeila12341@gmail.com |
| uggsforhandler.com | Annabelle Ty | hongdecelles@hotmail.com |
| cheapbootsonline2012.com | janet chou | hopeonlineshop@gmail.com |

| | | |
|---|---|---|
| irelandbootsonline.com | janet chou | hopeonlineshop@gmail.com |
| supply3a.us | fa ruan | hostfirst88@gmail.com |
| buyjordan.us | jiansheng Ruan | hostfirst88@gmail.com |
| buynike.us | jiansheng Ruan | hostfirst88@gmail.com |
| uggoutlet-official.com | lin jun | hot1637@hotmail.com |
| boots2canada.com | dafjadhfk | houuddsas@gmail.com |
| salebootscanada.com | dafjadhfk | houuddsas@gmail.com |
| bootsoutletireland.com | dafjadhfk | houuddsas@gmail.com |
| boots-outlets.com | dafjadhfk | houuddsas@gmail.com |
| baileybuttonoutlet.com | huiteng | huang25yun@126.com |
| stivali-it.com | sunxiaolan | hungs@126.com |
| cheapuggsoutletusv.org | Fundacion Private Whois | hwc7y604f822cbaab4d9@t02cduv4f7f99a255f64.privatewhois.net |
| agumura.com | huang jiandong | info@idcicp.com |
| paybuybuy.com | MochaHost | info@mochahost.com |
| uggbootsoutletstores.net | Irmgard Luxenberg | irmgardluxenberg@aol.com |
| baybaybags.com | Zikai Liang | isaac.liang@hotmail.com |
| hoorayboots.com | iyuu ulove | iyuuulove@yeah.net |
| brands4y.com | huang he | jacksony1919@hotmail.com |
| bootsvillage.com | zheng guoguo | jefflavala@163.com |
| uggsoutletsonline1.com | Jessie Rosendorf | JessieRosendorf@hotmail.com |
| bootstallsale.com | man lan | jianhong510@yahoo.cn |
| bootsshortsale.com | man lan | jianhong510@yahoo.cn |
| topbootsoutlets.com | meng qingli | jiayu@hotmail.com |
| bootsshopusa.com | liao yani | jin@sina.com.cn |
| bootsclassicsale.com | jinzhe | ji-nk1@yahoo.com.cn |
| cheapbootsca.com | jin zhe | ji-nk1@yahoo.com.cn |
| classicshoesshop.com | jinzhe | ji-nk1@yahoo.com.cn |
| bestbootsclearance.net | shi huo | jinlin@126.com |
| newsogobiz.com | jinyang | jinyang7821@163.com |
| laterbootsonline.com | yixun chen | joinshenzhen@gmail.com |
| iuggbootslove.com | yixun chen | joinshenzhen@gmail.com |
| myusaboots.com | yixun chen | joinshenzhen@gmail.com |
| go8boots.com | yixun chen | joinshenzhen@gmail.com |
| joyhiphop.com | liao jun | joyhiphop@gmail.com |

| cheapstoreshoes.com | song zhi ming | jumpmanlocker@yahoo.com.cn |
|---|---|---|
| | | kae4m3w4f84f8633509f@t02cduv4f7f99 |
| uggshortclaissboots.com | Fundacion Private Whois | a255f64.privatewhois.net |
| uggbelgiquepascher.com | Acacia Taylor | karirosinskispn@yahoo.com |
| uggbootsgreecesales.com | kassa cammar | kassacammar@hotmail.com |
| | | |
| belgiqueuggs.info | Will Francis | KatyMcdowellvuz@yahoo.com |
| uggbootssaleforever.com | yang hucheng | killyouaa@163.com |
| botasugges.net | Taolian Zhang | kingmacoseo@hotmail.com |
| bigclearanceboots.net | shinan | kingsceo@126.com |
| cheapusaboots.com | bailu | kingsceo@126.com |
| 2012cheapboots.com | jichengan | kingsceo@126.com |
| finebootsonsale.com | fenglu | kingsceo@126.com |
| christmasgiftsboots.com | baicha | kingsceo@126.com |
| bestboots5815.com | song lili | kingsceo@126.com |
| bestwomanboots.com | song jiliang | kingsceo@126.com |
| snowbootsclearance2.com | huang xixi | kingsceo@126.com |
| au-bootsclearance.net | zhong xingxing | kingsceo@126.com |
| sheepskinbootsclear.net | yang jiuzhou | kingsceo@126.com |
| 2011christmasgift.net | chihuan | kingsceo@126.com |
| 2011snowbootsclearance.net | xiong qi | kingsceo@126.com |
| | | |
| hotsnowboots.net | | |
| | | |
| | zhu zhenyong | kingsceo@126.com |
| popbootsclearance.com | tangxin | kingsceo@126.com |
| theuggaustraliaoutlet.com | yang hucheng | kingsirtoo@163.com |
| bootsthings.com | wang guowei | lantianqio@163.com |
| aubootssale.info | Yong Rui Dong | laughing8698@163.com |
| cheapsnowboots-uggs.com | lindian | ld8757@163.com |
| clothes8.org | Cai LiMing | ldd@dingdian.cn |
| cheapbootsforclearance.com | CaiLiMing | ldd@dingdian.cn |
| outletsaleonchristmas.com | Cai LiMing | ldd@dingdian.cn |
| bootsclearanceforyou.com | CaiLiMing | ldd@dingdian.cn |
| bootsoutletstoreforyou.com | CaiLiMing | ldd@dingdian.cn |
| bootstoreclearance.com | CaiLiMing | ldd@dingdian.cn |
| cheapsetbootsstores.com | CaiLiMing | ldd@dingdian.cn |
| girlsbootoutletstore.com | CaiLiMing | ldd@dingdian.cn |

| greenbootsstores.com | CaiLiMing | ldd@dingdian.cn |
|---|---|---|
| salebootsoutletcheap.com | CaiLiMing | ldd@dingdian.cn |
| womensbootsoutlets.com | CaiLiMing | ldd@dingdian.cn |
| xmasbootsoutletstore.com | Cai LiMing | ldd@dingdian.cn |
| xmascheapbootsoutlet.com | Cai LiMing | ldd@dingdian.cn |
| outletsaleboots.com | CaiLiMing | ldd@dingdian.cn |
| bootsoutletforclearance.com | CaiLiMing | ldd@dingdian.cn |
| fashionbootsstore.com | CaiLiMing | ldd@dingdian.cn |
| kidsbootsoutletstore.com | CaiLiMing | ldd@dingdian.cn |
| xmsbootscheap.com | Cai LiMing | ldd@dingdian.cn |
| bootsoutletforsale.com | CaiLiMing | ldd@dingdian.cn |
| cheapbootforfamily.com | CaiLiMing | ldd@dingdian.cn |
| outletstoresclearance.com | CaiLiMing | ldd@dingdian.cn |
| bootsoutletforyou.com | CaiLiMing | ldd@dingdian.cn |
| outletcheapboots.com | CaiLiMing | ldd@dingdian.cn |
| bootsoutletsalecheap.com | CaiLiMing | ldd@dingdian.cn |
| cheapbootsforus.com | CaiLiMing | ldd@dingdian.cn |
| cheapbootsoutletuk.com | CaiLiMing | ldd@dingdian.cn |
| womensbootsoutletstore.com | CaiLiMing | ldd@dingdian.cn |
| bootsoutletonsales.com | CaiLiMing | ldd@dingdian.cn |
| storebootsoutlet.com | CaiLiMing | ldd@dingdian.cn |
| xmasbootsgiftsstore.com | CaiLiMing | ldd@dingdian.cn |
| thepopshoes.com | Zhang hui | leo860816@hotmail.com |
| mall0086.com | han yong guang | leo-han@163.com |
| cheapuggboots-z.com | Steven Metcalfe | leonardhofstadterx@gmail.com |
| cheapbootssale-uk.com | wuhan easynet co | leonardhofstadterx@gmail.com |
| cheapuggbootssaleukshopx.com | Maurice Adams | leonardhofstadterx@gmail.com |
| cheapuggbootssaleuk-x.com | leonard hofstadter | leonardhofstadterx@gmail.com |
| gochinashop.com | xueye | liangkairong@163.com |
| womensboots-store.com | jingtao Net Company | lin198606@126.com |
| snowclearanceboots.com | ma yan | lin198606@126.com |
| ug-bootsclearance.com | lu yang | lin198606@126.com |
| au-bootsclearance.com | chen shuier | lin198606@126.com |
| womenwintersboot.com | xingye Net Company | lin198606@126.com |
| snowbootonsale.net | huang qiankun | lin198606@126.com |
| 2012boot.net | shengyun net Company | lin198606@126.com |
| netsnowbootsclearance.net | liu shuanglin | lin198606@126.com |
| winterwarmboots.net | Lu Yang | lin198606@126.com |
| 2012bootsclearance.net | baiqiang net company | lin198606@126.com |

| | | |
|---|---|---|
| 7malls.com | kong yuehua | linxiaotao@189.cn |
| australiabootsstore.com | Zhang san | linxingui126@126.com |
| monclerjacketsoldes.com | Zhang san | linxingui126@126.com |
| tiffanysaleshop.com | Zhang san | linxingui126@126.com |
| uggwinterbootsonline.com | Zhang san | linxingui126@126.com |
| qdtopfashion.com | Zhao Yingli | lisa_astsolar@hotmail.com |
| sellerbrand.net | liumingming | liumingming003@163.com |
| wtotrading.com | liumingming | liumingming003@163.com |
| bestretailmarket.com | liumingming | liumingming003@163.com |
| amoyin.com | liumingming | liumingming003@163.com |
| winterboots-store.com | liumingming | liumingming003@163.com |
| xn--uggespaa-j3a.net | linxiaohui | liuxiaojuann@hotmail.com |
| 2011snowbootscheap.com | sa la mei | ljhai2010@hotmail.com |
| cheap2012boot.com | chao soft | ljhai2010@hotmail.com |
| buynewuggbootsonline.net | adf erewqr | ljhai2010@hotmail.com |
| cheapuggsfreeshipping.net | chao soft | ljhai2010@hotmail.com |
| winterbooscheap.com | ruiyuan2 ruiyuan2 | ljhai894@hotmail.com |
| uggsonsales.us | lenve | ll431@vip.qq.com |
| myugguggs.com | yang hucheng | longweddingman@163.com |
| uggsoutlet-online.us | Louis R. Bell | louisrfgythbell@teleworm.us |
| uggfakesboots.com | wenben zhou | lualuorg26@yahoo.com |
| kidsfactory.us | rongyi | lucy.jack458@163.com |
| baileybottes.com | zhang shaohong | lujiang@126.com |
| cheapuggsonlinecanada.com | Ciara Minna | lukershbstte@yahoo.com |
| scarpeofferte.com | wang yongli | luohuan1@163.com |
| uggsoutletstore1.com | Cathy Crinigan | lynnc0978@aol.com |
| wholesalewholesale.us | Caky Guo | madeinputian@hotmail.com |
| comprarbotasugg.net | spiderc12 spiderc12 | marlow.service@live.com |
| uggbootschuhe.com | spiderc9 spiderc9 | marlow.service@live.com |
| uggbaileybuttonde.com | spiderc9 spiderc9 | marlow.service@live.com |
| goodsellshop.com | Mary Uchitel | maryloveit@gmail.com |
| canadauggssale.com | mcmu leng | mcmuleng@hotmail.com |
| outlet-amazon.com | lu wei | meiam@qq.com |
| wholesale4life.net | Karl Chen | meng2008@qq.com |
| superbootsonline.com | suhaifeng | moreuggboots@163.com |
| sneakers4s.com | | |
| | jean, sheal | mydiscountbag@hotmail.com |

| | | |
|---|---|---|
| fashiontradeonline2.com | zhang san | mydiscountbag@hotmail.com |
| facebookmallonline.com | sheal jean | mydiscountbag@hotmail.com |
| gohometrade.com | weng xing | mydiscountbag@hotmail.com |
| linkinthebox.com | JIAN SHE | mydiscountbag@hotmail.com |
| linkfashiontrade.net | weng xing | mydiscountbag@hotmail.com |
| linkbrandfashion.net | zhang san | mydiscountbag@hotmail.com |
| linkbrandfashion1.net | zhang san | mydiscountbag@hotmail.com |
| linkbrandfasion1.net | zhang san | mydiscountbag@hotmail.com |
| linkbrandunion1.net | zhang san | mydiscountbag@hotmail.com |
| chinatradeunion.net | JIAN SHE | mydiscountbag@hotmail.com |
| best5a.com | ke wenzuo | mydiscountbag@hotmail.com |
| great5a.com | ke wenzuo | mydiscountbag@hotmail.com |
| luckinbox.net | zhang san | mydiscountbag@hotmail.com |
| cheap-uggboots-ie.com | 13285097605 | myselfshoes@hotmail.com |
| uggclearance-store.com | 13285097605 | myselfshoes@hotmail.com |
| uggclearance-ugg.com | 13285097605 | myselfshoes@hotmail.com |
| bootsuggoutlet.net | 13285097605 | myselfshoes@hotmail.com |
| uggbootsstore-ie.net | 13285097605 | myselfshoes@hotmail.com |
| bootsbestclearance.net | 13285097605 | myselfshoes@hotmail.com |
| bootsuggclearance.net | 13285097605 | myselfshoes@hotmail.com |
| bootsuggfrance.net | 13285097605 | myselfshoes@hotmail.com |
| acheteruggaustralia.net | 13285097605 | myselfshoes@hotmail.com |
| eastboots.com | myy yllk | myyyllk@163.com |
| apparelto.com | Lin JianHong | na@nachina.com.cn |
| 4guoeiwo.info | gao jiaxiang | nehmerbaf@hotmail.com |
| uggbootdanmark.com | Brandi Robert | nevaugmignone@yahoo.com |
| nikecheapshoes.com | linzhengzhong | nikecheapshoes@yahoo.com.cn |
| picknewshoes.com | ChenJianLong | nioyun@163.com |
| norshoes.com | gaoding | norshoes89@hotmail.com |

| | | |
|---|---|---|
| bootsingreece.com | Mackenzie Gray | oneyoulian@foxmail.com |
| uggsoutletstores.org | Clive Mathieson | online2012@hotmail.com |
| suedesnowboots.com | lin chen | order-we@hotmail.com |
| bootsonlineuk.net | demon | ownerbsd@yahoo.com |
| bootsuggsaleuk.net | bp | pandora666@mail.com |
| surpriseboots.com | paym entok | paymentok@yeah.net |
| uggaustraliacanadas.com | Cindy Mickey | pettygultahem@yahoo.com |
| discountbootsusa.net | zhou guojun | pgm-1@hotmail.com |
| ebay123trade.com | fang fang | pt123@126.com |
| vipb2btrade.com | fang fang | pt123@126.com |
| aaanikeshop.com | fang fang | pt123@126.com |
| shopmyshoes.com | fang fang | pt123@126.com |
| aaanikeshoes.com | fang fang | pt123@126.com |
| googletradeb2b.com | fang fang | pt123@126.com |
| aaashoesstore.com | fang fang | pt123@126.com |
| andwaymore.com | fang fang | pt123@126.com |
| bagoutletcn.com | fang fang | pt123@126.com |
| topaaatrade.com | mao yi | pt123@126.com |
| ivfashion.com | fang fang | pt123@126.com |
| needshoe.com | fang fang | pt123@126.com |
| nikehot.com | nike hot | pt123@126.com |
| begintrade.net | | |
| | ye dehua | pt123@126.com |
| youihetrade.com | fang fang | pt123@126.com |
| nikeshoeslover.com | xu zheng nan | pttrade@163.com |
| goodswholesaler.net | lin xiangsheng | ptxylyx@163.com |
| uggbaileybuttontripletsaler.com | Fundacion Private Whois | q0u6kpi4f84f862a78a4@t02cduv4f7f99a255f64.privatewhois.net |
| topwholesaleexport.com | wen wen | qianshi001@hotmail.com |
| parityinlife.com | parityinlife.com | qt@qtcn.net |
| knoyashop.com | knoyashop.com | qt@qtcn.net |
| elegantsale.com | yetingting | qt@qtcn.net |
| viptrade123.com | viptrade123.com | qt@qtcn.net |
| cheapsneakermall.com | wuxudong | qt@qtcn.net |
| trustfuldeal.com | trustfuldeal.com | qt@qtcn.net |
| tenglang-trade.com | tenglang-trade.com | qt@qtcn.net |
| knoyastore.com | knoyastore.com | qt@qtcn.net |

| moncofinland.com | moncofinland.com | qt@qtcn.net |
|---|---|---|
| footwearmarkets.com | | |
| | footwearmarkets.com | qt@qtcn.net |
| wholesale-boot.com | wholesale-boot.com | qt@qtcn.net |
| bootugg-sale.net | sun xilian | Rae90@live.cn |
| uggclassictall.cc | rao tianfeng | raotfcool@163.com |
| handbags-canada.net | Whoisprotection.cc | reg_1118771@whoisprotection.cc |
| happyshoppingestore.com | Whoisprotection.cc | reg_1125617@whoisprotection.cc |
| ourbestgoods.com | Whoisprotection.cc | reg_1145448@whoisprotection.cc |
| buyfashionapparel.com | Whoisprotection.cc | reg_1145456@whoisprotection.cc |
| simleonlineshopping.com | Whoisprotection.cc | reg_1145481@whoisprotection.cc |
| topfashiondistributor.com | Whoisprotection.cc | reg_1145492@whoisprotection.cc |
| lovetradeonline.com | Whoisprotection.cc | reg_1145557@whoisprotection.cc |
| uggsoutletonline1.org | Robbie Stewert | robbiestewert@hotmail.com |
| christmasgiftsforwoman.com | CaiLiMing | rqb@dingdian.cn |
| dotheshopping.com | CaiLiMing | rqb@dingdian.cn |
| uggonlinesale2u.com | gabriella chung | rubycheng@yeah.net |
| cheapuggbootsx.net | liu wen ling | saleguccibagsoutlet@gmail.com |
| cheapugginsale.org | salinging | saleshoesonline@gmail.com |
| cheapchestnutuggboots.com | usamen ilkiil | saoul@yahoo.com |
| usclearancestore.com | Priscilla Shaftesbury | sburypriscilla87@yahoo.com |
| websteralumni.org | Muitbel atinrod | schinden@163.com |
| westhillscovchurch.org | Muitbel atinrod | schinden@163.com |
| uggbootnorges.info | Rikki Elijah | schwabgo@hotmail.com |
| cheapuggboots-saleukx.net | wang feng | sdfregrtrrs@gmail.com |
| uggsoutletus1.org | Wenming Chen | seattletrade@163.com |
| uggaustraliadiscount1.org | Wenming Chen | seattletrade@163.com |
| uggfactoryoutlet.us | Wenming Chen | seattletrade@163.com |
| uggclearancebootsoutlet.com | tanmeet sethi | seewhatsee@163.com |
| uggbootssalediscount.com | tanmeet sethi | seewhatsee@163.com |

| | | |
|---|---|---|
| uggsus.us | zhixing guo | server@nike-outlet-store-online.com |
| uggsca.us | zhixing guo | server@nike-outlet-store-online.com |
| uggsco.us | zhixing guo | server@nike-outlet-store-online.com |
| uggsau.us | zhixing guo | server@noomall.com |
| maxsnowboots.com | Scott Ben | service@borar.com |
| guccigonow.net | feng xiaoxiao | service@guccigonow.net |
| jpuggcart.com | Gomg Ming | service@jpuggcart.com |
| nextuggfits.com | Sock Liang | service@nextuggfits.com |
| nextuggin.com | Gotan Liang | service@nextuggin.com |
| nextuggjp.com | gae Liang | service@nextuggjp.com |
| nextugglive.com | nAME sew | service@nextugglive.com |
| nextuggmall.com | Kavan Liang | Service@nextuggmall.com |
| nextuggmore.com | bETTY YUE | service@nextuggmore.com |
| nextuggon.com | Mok Fox | Service@nextuggon.com |
| nextuggs.info | Dan Fong | service@nextuggs.info |
| jpnextugg.com | Bill Hu | servuce@jpnexugg.com |
| shoesheepskin.com | SUSAN MAZZARA | shoeok@gmail.com |
| deckershoe.com | SUSAN MAZZARA | shoeok@gmail.com |
| shoesales-au.com | Protected Domain Services - Customer ID: NCR-3618836 | shoesales-au.com@protecteddomainservices.com |
| euggboots.net | tian hui | silkenboots@gmail.com |
| uggsstore.org | simon chen | simomchen@hotmail.com |
| botaugg.com | Clement Mervin | smithwqscherrer@yahoo.com |
| soldesuggbottes.com | Amy Smith | soldesuggbottes@hotmail.com |
| sonneshine.com | Domains By Proxy, LLC | SONNESHINE.COM@domainsbyproxy.com |
| bestmartever.info | starsun zh | starsun1018@yahoo.com |
| uggaustraliadiscount.org | laurie germain | subi8587@hotmail.com |
| uggsboots2.com | Hebah Alawadh | susihirsch10@hotmail.com |
| wholesalesmalls.com | yi sheng | tadyjack@hotmail.com |
| bootsfather.com | zheng guoqiang | taitaiyue@163.com |
| uggbootsellonline.com | tcreate reg | tcreate911@gmail.com |
| cozyuggboots.net | tcreate reg | tcreate911@gmail.com |
| thanshoes.net | guo rong | thanshoes@yahoo.com |
| cheapuggsdiscount.net | wang xing ping | theghdaustraliastraightener@gmail.com |

| | | |
|---|---|---|
| wholesaleroutletshop.com | haoyundao | tmtctrade2010@hotmail.com |
| canadabootssale.com | dafjadhfk | topservice.lin@hotmail.com |
| ugg-2010.com | tainew go | tw_2003@yahoo.cn |
| uggbootsschweizoutlet.com | Benz Carl | uespack@live.com |
| abcofskiing.com | abcofskiing | uewfn@yahoo.com.cn |
| violaglobaltrade.com | fang tao ping | uewfn@yahoo.com.cn |
| batchmall.com | fang tao ping | uewfn@yahoo.com.cn |
| nike-jordan.net | fang tao ping | uewfn@yahoo.com.cn |
| popularseller.com | fang tao ping | uewfn@yahoo.com.cn |
| fashion58brand.net | fang tao ping | uewfn@yahoo.com.cn |
| brandwatchhut.com | fang tao ping | uewfn@yahoo.com.cn |
| brandschoenen.com | fang tao ping | uewfn@yahoo.com.cn |
| uggcanadasale.com | Domains By Proxy, LLC | UGGCANADASALE.COM@domainsbyproxy.com |
| uggs-snow-boots.org | Domains By Proxy, LLC | UGGS-SNOW-BOOTS.ORG@domainsbyproxy.com |
| uggsince1974.com | KF&S | ursulapalmer@gmail.com |
| ugg-ireland.org | tians s | uservices@hotmail.com |
| cheapbootsuk.org | peng qide | vbg@126.com |
| biz620.com | litao | vincent_620@yahoo.cn |
| uggirelandshop.com | Shaowu wu | w234234df232fwe2@yahoo.com |
| theuggtrade.com | lixianshen | wangwlc99@163.com |
| uggbootsoffice.com | uggboot soffice | wearwrea@yeah.net |
| goonike.com | wu guotian | webmaster@eguo888.com |
| uggbootsinaustralia.org | lin hui | webmaster@oot.cn |
| cheapboots-ca.com | bimeng | webmaster@zgsj.com |
| bootsretailonline.com | dingdan ni | webmaster@zgsj.com |
| bootsstoreengland.com | boyu na | webmaster@zgsj.com |
| uggboots4au.com | Fundacion Private Whois | wgpc9754faab03907d91@t02cduv4f7f99a255f64.privatewhois.net |
| winter-bootsoutlet.com | Domains By Proxy, LLC | WINTER-BOOTSOUTLET.COM@domainsbyproxy.com |
| winterdiscountboots.com | Domains By Proxy, LLC | WINTERDISCOUNTBOOTS.COM@domainsbyproxy.com |
| postboots.com | withou tshoes | withoutshoes@yeah.net |
| bootscheapforchristmas.com | xingcai trade Co.,ltd. | wlovewei@gmail.com |

| ugget.info | wpl | wpl8808@163.com |
|---|---|---|
| uggkity.info | wpl | wpl8808@163.com |
| cheapuggsoutletu.com | cheap uggs | xrh31323@163.com |
| cheapuggsoutletusg.org | cheap uggs | xrh31323@163.com |
| cheapuggsoutletusx.org | cheap uggs | xrh31323@163.com |
| cheapuggsoutletes.com | cheap uggs | xrh31323@gmail.com |
| cheapuggsoutletg.org | cheap uggs | xrh31323@gmail.com |
| cheapuggsoutletusa.com | cheap uggs | xrh31323@gmail.com |
| cheapuggsoutletusz.com | cheap uggs | xrh31323@gmail.com |
| cheapuggsoutletusm.org | David young | xrh31323@gmail.com |
| uggbootssaledeutschland.org | xu luning | xuhaibo112@163.com |
| shoessaleshops.com | jonise shanks | y123ourfreshreserve@gmail.com |
| 5buy-ugg.com | qing qing | yanuolv@yahoo.com.tw |
| uggaustraliasboots.com | Wu Xiaodong | yayuyao@yahoo.com |
| uggaustraliasboots.net | Wu Xiaodong | yayuyao@yahoo.com |
| 21cnreplicas.com | 21cnreplicas | yeuss@qq.com |
| crossmeet1.com | dai ming xin | yeuss@qq.com |
| brands2012.com | Supply shoes | yeuss@qq.com |
| missreplicas.com | Supply shoes | yeuss@qq.com |
| morethancheap.com | Supply shoes | yeuss@qq.com |
| multibrandsale.com | Supply shoes | yeuss@qq.com |
| easytoshopmall.com | Supply shoes | yeuss@qq.com |
| bottes-pas-cher.net | wang wangwang | yezhaoqiong@163.com |
| bottespaschervente.com | yang yan | yixing@126.com |
| botteslessoldes.com | li yixing | yixing@126.com |
| laarzenwinkelnl.com | yang yan | yixing@126.com |
| bagsoutletsonline.com | Mohammed Riyaz | yournikeairmax@gmail.com |
| billigestovler.com | wuyunping | yunping@sina.com.cn |
| topshoesoutletonline.com | wu yunping | yunping@sina.com.cn |
| shoesukoutlet.com | wu yunping | yunping@sina.com.cn |
| cowintrade.com | yangweihua | ywh780210@163.com |
| 2010cozyboots.com | chen lin | yzyzyyz@hotmail.com |
| weddingdresses-onsale.com | Huahua Wu | zfqs2011@hotmail.com |
| ugg5815bootsclearance.com | yang danni | zhongtian123@126.com |
| sale-canada-uggboots.com | zhou wen | zhou2544740775@gmail.com |
| ugg-ya.com | zhou.yuan | zhouyuan@163.com |
| cheapboots5.com | fuke max | zval@vip.qq.com |
| cheapboots9.com | fuke max | zval@vip.qq.com |
| boots5.com | fuke max | zval@vip.qq.com |

## Marketplace Accounts

| Defendant / Registrant Name | Email Address |
|---|---|
| gonxifacai | gonxifacai@yahoo.com |
| houdaozuoren516 | perfectmen6699@gmail.com |
| hunian20188 | xianghu2012@hotmail.com |
| nulijiuyoushouhuo98 | weishenmozheyan7@hotmail.com |
| chunyao116 | zhaolian718@163.com |
| guccii158 | meiyifan602@163.com |
| livlijun56 | twosley@hotmail.com |
| scarvesworld | sys120709@hotmail.com |
| especially888 | niannianfa88808@yahoo.cn |
| hotnew328 | hotnew328@hotmail.com |
| congmingtiankaishi | ladm85@yahoo.com.cn |
| jkjk99 | pk654vip@163.com |
| wd2002shop | shiquan26632@hotmail.com |
| lion8899 | haohao706@yahoo.com.cn |
| mingmingshop518 | mingchangwei918@hotmail.com |
| zhaocaimao8618 | zhubao2588@hotmail.com |
| artgitte | trustyou2012@hotmai.com |
| qing15888 | chichengshanghai@yahoo.cn |
| wulikanhua235 | wodyitian558@126.com |
| qingren222 | zhaozhenchang8@163.com |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC. | ) | |
| | ) | Case No. 1:12-cv-8963 |
| Plaintiffs, | ) | |
| | ) | **Judge Elaine E. Bucklo** |
| v. | ) | |
| | ) | **Magistrate Judge Michael T. Mason** |
| LIN FENG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

THIS CAUSE being before the Court on Plaintiffs Coach, Inc. and Coach Services, Inc.'s (collectively, "Plaintiffs" or "Coach") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against the Defendants listed in Schedule A to Coach's Amended Complaint (collectively, the "Defendants") and orders that:

1.     Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a.  using Coach's COACH Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Coach product or not authorized by Coach to be sold in connection with Coach's COACH Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Coach product or any other product produced by Coach, that is not Coach's or not produced under the authorization, control or supervision of Coach and approved by Coach for sale under Coach's COACH Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Coach, or are sponsored or approved by, or connected with Coach;

d.  further infringing Coach's COACH Trademarks and damaging Coach's goodwill;

e.  otherwise competing unfairly with Coach in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Coach, nor authorized by Coach to be sold or offered for sale, and which bear any of Coach's COACH Trademarks or any reproduction, counterfeit copy or colorable imitation thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit Coach products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any products which bear any of Coach's COACH Trademarks or any reproduction, counterfeit copy or colorable imitation thereof.

2.    The domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five (5) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to MarkMonitor or a registrar of Coach's selection until further ordered by this Court, and that the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to MarkMonitor or a registrar of Coach's selection until further ordered by this Court.

3.    Those in privity with Defendants and those with notice of the injunction of paragraph 1 hereto, including any online marketplace such as iOffer, Internet search engines, web hosts, domain name registrars and domain name registries that are provided with notice of the injunction, shall cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the COACH Trademarks.

4.    Discovery herein by Coach may continue by providing actual notice, pursuant to subpoena, e-mail or otherwise, of this Order to any of the following:

   a.  Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

   b.  any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; or

c. any third party service providers including, without limitation, online B2B selling platforms, including iOffer, Internet service providers, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants.

5. Any third party providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, Internet Service Providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively, "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Coach copies of all documents and records in such person's or entity's possession or control relating to:

a. The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including, without limitation, identifying information associated with Defendants' Websites, the Defendant Domain Names and financial accounts;

b. Defendants' websites;

c. The Defendant Domain Names or any domain name registered by Defendants; and

d. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants and any persons in active concert or participation with them shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, for any Defendant or any of Defendants' websites, shall immediately locate all accounts connected to Defendants or Defendants' websites, and such accounts shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Schedule A and Exhibits 2 and 3 attached to the Declaration of Ethan Lau are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Coach or on shorter notice as set by this Court.

10. The $10,000 bond posted by Coach shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

DATED November 29, 2012

U.S. District Court Judge Elaine E. Bucklo

Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/09

*Attorneys for Plaintiffs Gucci America, Inc.,*
*Balenciaga S.A. and Balenciaga America, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
:
GUCCI AMERICA, INC., BALENCIAGA, S.A. and :
BALENCIAGA AMERICA, INC., :
:
           Plaintiffs, :
:
     -against- :     09 Civ. 8458 (RJS)
:
CURVEAL FASHION d/b/a REPLICASI.COM and :
SEMELUR.COM; JOSEPH LEE a/k/a JOE YAP; : **TEMPORARY RESTRAINING ORDER**
ABC COMPANIES; and JOHN DOES. : **AND ORDER TO SHOW CAUSE**
:
           Defendants. :
:
:
:
:
:
:
-------------------------------------------------------------- x

      Plaintiffs Gucci America, Inc., Balenciaga, S.A. and Balenciaga America, Inc.

(collectively, "Plaintiffs") having moved ex parte against Curveal Fashion, d/b/a Replicasi.com

and Semelur.com, Joseph Lee a/k/a/ Joe Yap (collectively, "Defendants"), and as-yet unnamed

companies and individual defendants for a temporary restraining order, asset restraining order,

expedited discovery order and order to show cause for preliminary injunction pursuant to Federal

Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that

Defendants are manufacturing, importing, exporting, distributing, marketing, advertising,

offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to handbags, wallets, watches, shoes, belts, cosmetic pouches, and sunglasses (collectively, the "Counterfeit Products");

2.      The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3.      Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

4.      The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such an order;

5.      Entry of an order other than an ex parte seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including Curveal Fashion d/b/a Replicasi.com and Semelur.com, Joseph Lee a/k/a Joe Yap, appear to show cause on the 21st day of October, 2009 at 11:00 a.m. or as soon thereafter as counsel can be heard, in Courtroom 21C of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, New York why an Order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiff a preliminary injunction as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

(a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(b) making or employing any other commercial use of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(c) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or

3

activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and

(d) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and

(e) further diluting and infringing all Plaintiffs' Marks and damaging Plaintiffs' goodwill; and

(f) otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner; and

(g) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth further herein; and

(h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including Curveal Fashion doing business as Replicasi.com and Semelur.com, Joseph Lee also known as Joe Yap, and all persons acting in concert or in participation with any of them and having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a)     committing any of the acts set forth in subparagraph (1)(a)-(g) above; and

(b)     moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks; and

(c)     secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe Plaintiffs' Trademarks

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of: (*i*) any and all Royal Bank of Scotland Worldpay ("RBS Worldpay") accounts that are held or controlled by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants, including but not limited to any accounts in the name of "WPPL-CURVEAL FASHION"; and (*ii*) any and all MasterCard, Visa, Visa Purchasing, Visa Electron, American Express, JCB, Solo, Maestro and/or Discover credit or debit card payment accounts that are held or controlled by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents,

6

representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises Defendants' websites www.Replicasi.com and/or www.Semelur.com, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' websites www.Replicasi.com and www.Semelur.com.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet protocol supporter, or any other business supporting or hosting Defendants' websites www.Replicasi.com and/or www.Semelur.com, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from supporting or hosting Defendants' websites www.ReplicaSi.com and www.Semelur.com. This includes but is not limited to: (*i*) any and all accounts maintained by NameSecure.com a/k/a NamePrivacy that are associated with or utilized by www.Replicasi.com, www.Semelur.com, and/or any of the Defendants.

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by the following means:

(a) by certified express registered mail (international or through the United States Postal Service, as appropriate), return receipt requested to each of the following addresses: (*i*) Joseph Lee a/k/a Joe Yap at 202 & 302, Block A Damansara Intan, Kuala Lumpur, WP, Malaysia; (*ii*) Curveal Fashion, 302 Block A, Damansara Intan, Jalan SS 20/27, Petaling Jaya 47400, Malaysia; (*iii*) Replicasi Inc., ATTN: REPLICASI.COM, P.O. Box 430 c/o NameSecure, Herndon, VA, 20171-430; and (*iv*) Semelur Dot Com, ATTN: SEMELUR.COM, P.O. Box 430 c/o NameSecure, Herndon, VA, 20171-430;

(b) by delivery of Adobe PDF copies of this Order together with the Summons and Complaint to the following e-mail addresses: customerService@replicaSi.com, customerService@Semelur.com, h7o2sx@nameprivacy.com, and afoqo5w52@nameprivacy.com.

IT IS FURTHER ORDERED, that such service shall be made by October 13, 2009, except as to John Doe or ABC Company defendants who may be later identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193, Attention: Robert Weigel, Esq., by no later than October 17, 2009 with any reply by Plaintiffs to be filed and served by October 19, 2009; and

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted; that Plaintiffs shall serve with this order requests for disclosures pursuant to Fed. R. Civ. P. 26

and 34 in the form appended hereto as Attachment A, and that Defendants shall produce

documents responsive to such requests on or before the 20th day of October, 2009; and

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to

attend the hearing scheduled herein may result in confirmation of the relief provided herein,

immediate issuance of the requested preliminary injunction to take effect immediately upon

expiration or dissolution of the temporary restraining order, and may otherwise extend for the

pendency of this litigation upon the same terms and conditions as comprise this temporary

restraining order. Defendants are hereby given further notice that they may be deemed to have

actual notice of the issuance and terms of such preliminary injunction and any act by them or

anyone of them in violation of any of the terms thereof may be considered and prosecuted as

contempt of this Court.


IT IS SO ORDERED.

DATED this 7th day of October, 2009   UNITED STATES DISTRICT COURT

Hour: **10:40** a.m. p.m.      By: _____

            UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Gucci America, Inc.,*
*Balenciaga S.A. and Balenciaga America, Inc.*

---------------------------------------------------------------x
GUCCI AMERICA, INC., BALENCIAGA, S.A. and :
BALENCIAGA AMERICA, INC., :
                                                               :
                         Plaintiffs, :
                                                               :
        -against- :
                                                               :                 09 Civ. 8458 (RJS)
CURVEAL FASHION d/b/a REPLICASI.COM and :
SEMELUR.COM; JOSEPH LEE a/k/a JOE YAP; :
ABC COMPANIES; and JOHN DOES. :
                                                               :
                         Defendants. :
                                                               :
                                                               :
                                                               :
                                                               :
                                                               :
                                                               :
---------------------------------------------------------------x

## PLAINTIFFS' FIRST REQUEST TO DEFENDANTS FOR
## DISCOVERY AND INSPECTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and Rules 26.1 to 26.3 of the Local Civil Rules of the United States District Court for

the Southern District of New York, Plaintiffs Gucci America, Inc., Balenciaga, S.A. and

Balenciaga America, Inc. (collectively, "Plaintiffs") by their undersigned attorneys, Gibson,

Dunn & Crutcher, LLP, hereby request that Defendants Curveal Fashion d/b/a Replicasi.com and

Semelur.com, Joseph Lee a/k/a Joe Yap, ABC Companies and John Does produce the following

documents and things for inspection and copying at the offices of Gibson, Dunn & Crutcher

LLP, 200 Park Avenue, 47th Floor, New York, New York 10166, within the shorter of: (a) thirty (30) days or (b) any time frame or deadline that may be set by the Court in connection with any Order to Show Cause that may issue in this action.

## DEFINITIONS

The following definitions apply to each of the Requests herein and should be read and referred to upon answering the Requests:

1. The term **"Plaintiffs"** means Gucci America, Inc., Balenciaga, S.A., Balenciaga America, Inc. and their respective "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

2. The term **"Defendants"** means Curveal Fashion doing business as Replicasi.com and Semelur.com; Joseph Lee a/k/a Joe Yap; ABC Companies; and John Does and their "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

3. The term **"Plaintiffs' Marks"** means trademarks, service marks, and trade dress that identify Plaintiffs, their products, authorized stores, websites, and affiliates, including but not limited to the marks referenced in Exhibits 1 and 2 to the Complaint in this action.

4. The term **"Disputed Products"** means any and all products sold, manufactured, marketed or otherwise offered to consumers by any of the Defendants that in any way display, utilize or reference any of Plaintiffs' Marks or any colorable imitations of Plaintiffs' Marks, including but not limited to the products defined in the Complaint in this action as "Counterfeit Products."

5. The terms **"Person"** and **"Persons"** mean any natural person or any business, legal or governmental entity or association. S.D.N.Y. Local Civil Rule 26.3(c)(6).

12

6.     The term **"Document"** is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  S.D.N.Y. Local Civil Rule 26.3(c)(2).

7.     The term **"Communication"** means "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)."  S.D.N.Y. Local Civil Rule 26.3(c)(1).

8.     The term **"Concerning"** means "relating to, referring to, describing, evidencing or constituting."  S.D.N.Y. Local Civil Rule 26.3(c)(7).

### INSTRUCTIONS

A.     In producing documents pursuant to these requests, Defendants are required to furnish all Documents in Defendants' possession, custody or control that are known or available to Defendants.  A Document is in Defendants' possession, custody or control, if, among other things, it is in Defendants' physical custody, or if it is in the physical custody of any other person and Defendants (a) own such Document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that Defendants may use, inspect, examine or copy such Document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such Document when Defendants have sought to do so.  Such Documents shall include, without limitation, Documents that are in the custody of Defendants' attorney(s) or other agent(s).

B.     Defendants must make a diligent search of Defendants' records (including but not limited to paper records, computerized records, electronic mail records and voice-mail records) and of other papers and materials in Defendants' possession or available to Defendants or

Defendants' attorneys, financial advisors, consultants, investigators, and other agents or representatives.

      C.      Each request herein constitutes a request for Documents in their entirety, with all enclosures and attachments, and without abbreviation, redaction or expurgation.

      D.      Defendants shall produce any and all drafts and copies of each Document that are responsive to any request, and all copies of such Documents that are not identical in any respect, including but not limited to copies containing handwritten notes, markings, stamps or interlineations.

      E.      If Defendants contend that a requested Document is privileged in whole or part, or contend that any identified Document would be excludable from production and discovery regardless of its relevance (including, but not limited to, a claim of attorney-client privilege or the attorney work-product doctrine), Defendants are required, for each and every such Document, to state the nature of the privilege being claimed and to provide the following information: (a) the type of document, *e.g.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. S.D.N.Y. Local Civil Rule 26.2(a).

      F.      A request for Documents within a particular time period shall be deemed to include all Documents that were dated, prepared, sent or received during that time period.

G.      If Defendants possess, control, or have custody of nothing responsive to any numbered request set forth below, state this fact by so specifying in Defendants' response to said request.

H.      If Defendants' "original" of a Document is a photocopy (or other copy), then the copy should be produced as the original.

I.      Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request or requests to which they are responsive. Wherever requested Documents, are stored in electronic, digital, or computerized form, Defendants are to provide it in that form, including any software required to access, retrieve, or read the data. All other Documents should be produced in a readable electronic format whenever and wherever possible.

J.      With respect to the production of any category of Documents which Defendants contend is in some way burdensome or oppressive, state the specific reason for this objection and briefly summarize the Documents in question.

K.      Each request shall be deemed continuing so as to require supplementation if Defendants obtain any further responsive Documents between the time that Defendants' initial production is due and the time of trial.

## II. **Documents Requested**

1.   All Documents Concerning Plaintiffs in Defendants' possession, custody or control.

2.   All Documents Concerning all Defendants' uses of the Plaintiffs' Marks or colorable imitations thereof, including but not limited to all such uses on advertisements, websites, products of any type, signs, prints, packages, wrappers, pouches, receptacles, metadata, search engine keywords, advertising matter, promotional, and other materials.

3.   All Documents Concerning any and all earnings, profits, or other benefits that Defendants have obtained that are in any way attributable, related, or connected to Defendants' uses of Plaintiffs' Marks, including but not limited to the names and account numbers for the banks, savings and loans, and other financial institutions in which such earnings, profits, or other benefits are maintained.

4.   All Documents Concerning Defendants' manufacture, purchase, acquisition, design, order, import, export, advertisement, distribution or sale of the Disputed Products, including but not limited to Documents Concerning Defendants' sources of the Disputed Products, and any pending advertisements, offerings, sales, or shipments of the Disputed Products.

5.   All Documents Concerning the relationship between the Defendants, including but not limited to documents concerning the corporate structure and organization of the Defendants and the transfer of payments, profits, costs, and/or losses between them.

6.   All Documents Concerning any and all payments to Defendants in return for any and all Disputed Goods that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all third parties, including but not limited to credit card companies,

agencies, or processors, or other financial institutions or such as, without limitation: (*i*) RBS Worldpay; (*ii*) MasterCard; (*iii*) American Express; (*iv*) Visa; (*v*) Visa Purchasing; (*vi*) Visa Electron; (*vii*) JCB; (*viii*) Delta; (*ix*) Solo; (*x*) Maestro; and (*xi*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a MasterCard credit card account from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; (*xii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with an American Express credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; (*viii*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Visa credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION"; and (*ix*) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants, including but not limited to purchases made with a Discover credit card from "REPLICASI.COM" or "SEMELUR.COM" or "CURVEAL FASHION" or "WPPL-CURVEAL FASHION."

  7. All Documents Concerning, relating to, supporting, or contradicting any of the allegations in the Complaint in this action.

Dated: New York, New York
        October 5, 2009

GIBSON, DUNN & CRUTCHER


By:_____
     Robert L. Weigel (RW 0163)
     Howard S. Hogan (HH 7995)
     Jennifer C. Halter (JH 7032)

200 Park Avenue, 47th Floor
New York, New York 10166
(212) 351-4000

*Attorney for Plaintiffs Gucci America, Inc.,*
*Balenciaga, S.A. and Balenciaga America, Inc.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Judge Hellerstein*

ORIGINAL

---

THE NORTH FACE APPAREL CORP., a
Delaware Corporation; and PRL USA
HOLDINGS, INC., a Delaware
Corporation,

                          Plaintiffs

     v.

FUJIAN SHARING IMPORT & EXPORT
LTD. CO., d/b/a B2BSHARING.COM;
DONGPING LIU a/k/a DONG PING LIU;
YUAN CHEN; ANDY HUANG; MIN
CHEN; CAI XIAN SHENG; MICHAEL
LIN; LI MING WANG; FANG CHENG;
LIN WEIXIAN; ZHOU CHANG; LAIKE
ALHASSAN; PP JINBO; JERRY URBEN;
HUNAG YANXIA; WANG ZHAO HUI;
JOHN DOES 1-100; JANE DOES 1-100;
and XYZ COMPANIES 1-100,

                          Defendants.

CIVIL ACTION NO.

**10 CIV 1630**

[PROPOSED] TEMPORARY
RESTRAINING ORDER, SEIZURE
ORDER, ASSET RESTRAINING
ORDER, DOMAIN NAME
TRANSFER ORDER AND ORDER
TO SHOW CAUSE FOR
PRELIMINARY INJUNCTION

[FILED UNDER SEAL PURSUANT
TO 15 U.S.C. § 1116]

USDC SDNY
**DOCUMENT**
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/6/10

---

Plaintiffs THE NORTH FACE APPAREL CORP. and PRL USA HOLDINGS, INC.

(collectively, "Plaintiffs") having moved *ex parte* against Defendants Fujian Sharing Import &

Export Ltd. Co., d/b/a B2Bsharing.com; Dongping Liu a/k/a Dong Ping Liu; Yuan Chen; Andy

Huang; Min Chen; Cai Xian Sheng; Michael Lin; Li Ming Wang; Fang Cheng; Lin Weixian;

Zhou Chang; Laike Alhassan; Pp Jinbo; Jerry Urben; Hunag Yanxia; Wang Zhao Hui; John Does

1-100; Jane Does 1-100; and XYZ Companies 1-100 (collectively, "Defendants") for a

Temporary Restraining Order, Seizure Order, Asset Restraining Order, Domain Name Transfer

Order and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil

Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the

Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-

Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the
Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279
(October 13, 2008) (the "Lanham Act"), for the reason that Defendants are manufacturing,
distributing, offering for sale and/or selling, through various Internet websites operated by
Defendants, goods bearing counterfeit reproductions of Plaintiffs' federally registered
trademarks, as listed in Plaintiffs' Complaint filed concurrently herewith and incorporated herein
by reference, which trademarks (collectively, "Plaintiffs' Marks") are owned and controlled by
Plaintiffs and used in connection with products listed in Plaintiffs' Complaint and incorporated
herein by reference (collectively, "Plaintiffs' Products"), and the Court having reviewed the
Complaint, Memorandum of Law, supporting Declarations and exhibits submitted herewith,
finds:

1.      Plaintiffs are likely to succeed in showing that Defendants are part of an on-line
counterfeiting ring, using thousands of websites to offer for sale and/or sell merchandise --
including but not limited to apparel, backpacks, gloves and shoes bearing counterfeits of
Plaintiffs' Marks ("Counterfeit Products"), as well as counterfeits of other trademarked goods --
to consumers in the United States, which merchandise is manufactured in China and drop-
shipped directly to consumers in the United States;

2.      The manufacturing, distributing, offering for sale and/or selling of Counterfeit
Products will result in immediate and irreparable injury to Plaintiffs if injunctive relief is not
granted including seizure of Counterfeit Products, Defendants' means of selling and distributing
Counterfeit Products, and the records pertaining thereto is not ordered;

3.      Defendants have gone to great lengths to conceal their true identities and would
likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of

2

selling and distributing Counterfeit Products, and business records relating thereto inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

      4.      Defendants have gone to great lengths to conceal and/or move outside of this Court's reach, their profits from the sale of Counterfeit Products, including using multiple Western Union accounts to evade money laundering limits and/or to appear to be separate unrelated accounts, using merchant accounts located in China, which mask the true identity of the entity/person receiving monies and using multiple Paypal accounts and/or moving assets through multiple seemingly unrelated accounts within Paypal;

      4.      Plaintiffs' harm from denial of the requested *ex parte* seizure order would outweigh any harm to Defendants' legitimate interests from granting such an order;

      5.      Plaintiffs have represented that they have not publicized the requested seizure order;

      6.      Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

      7.      Plaintiffs have demonstrated that Defendants are operating a large, fluid network of websites, as set forth in **Exhibit A** to the Complaint ("Defendants' Websites"), offering for sale and selling Counterfeit Products, using various domain names, including, without limitation, the following domain names containing Plaintiffs' Marks:

> 4TheNorthFace.Com, 91Polo.Com, AddNorthFace.Com, AuthenticPolo.Com, CheerPolo.Com, ClothesPolo.Com, ILoveTheNorthFace.Com, NicePoloStore.Com, NorthFace.Cc, NorthFaceComing.Com, NorthFaceMountain.Com, NorthFaceOutdoor.Com, NorthFaceOutletsale.Com, North-Face-Sale.Com, NorthFaceSaleOutlet.Com, NorthFaceSalesOutlet.Com, NorthFaceSaleStore.Com, NorthFacesOutlet.Com, NorthFaceSupply.Com, OfficePolo.Com, OfficialNorthFace.Com, OfficialPolos.Org, OnlineNorthFace.Com, OutdoorNorthFace.Com, OutletNorthFace.Com, Polo4All.Com, Polo4Sale.Com, PoloCart.Com, PoloNSale.Com, Polo-Ralph.Com, PoloRalphWorld.Com, PoloShirtCompany.Com, Polo-Shirts.Us,

3

PoloShirtsSale.Com, PoloShirtsShop.Com, PolosHome.Com, PoloStore.Us,
PoloTShirtsHan.Com, SaleNorthFaces.Com, SellPoloShirts.Com,
TheNorthFaceComing.Com, TheNorthFaceMoving.Com,
TheNorthFaceSaleOnline.Com, TheNorthFaceSaleShop.Co.Uk,
TheNorthFaceSaleShop.Com, TheNorthFaceSalesOnline.Com,
TheNorthFaceSaleStore.Com, TheNorthFaceShow.Com,
TheNorthFaceSupplier.Com, TheNorthFaceTrade.Com,
TheNorthFaceUKStore.Com, TNFShopping.Com, and ToNorthFace.Com

and other domain names containing Plaintiffs' Marks which Plaintiffs have yet to discover

(collectively, the "Infringing Domain Names"); and

8. Entry of an order other than an *ex parte* temporary restraining order, seizure order

domain name transfer order and asset restraint would not adequately achieve the purposes of the

Lanham Act to preserve Plaintiffs' equitable remedies for trademark counterfeiting, including:

*inter alia,* the restraint of Defendants' Websites, the seizure of Defendants' means of

distributing, offering for sale and selling Counterfeit Products, the acquisition of the business

records relating to Counterfeit Products, and an award to Plaintiffs of lost profits.

THEREFORE, IT IS HEREBY ORDERED that Defendants Fujian Sharing Import &

Export Ltd. Co., d/b/a B2BSharing.com; Dongping Liu a/k/a Dong Ping Liu; Yuan Chen; Andy

Huang; Min Chen; Cai Xian Sheng; Michael Lin; Li Ming Wang; Fang Cheng; Lin Weixian;

Zhou Chang; Laike Alhassan; Pp Jinbo; Jerry Urben; Hunag Yanxia; Wang Zhao Hui; John Does

1-100; Jane Does 1-100; and XYZ Companies 1-100 show cause on or before the ____ day of

_____ 2010 at ____ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom

____, in the United States District Court for the Southern District of New York, 500 Pearl

Street, New York, New York 10007, why an order pursuant to Federal Rule of Civil Procedure

65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary

injunction as follows:

4

(a)   Enjoining and restraining Defendants, their officers, agents, servants and

employees and any persons in active concert or participation with them from:

> (i)   using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks; and
> (ii)  passing off, inducing or enabling others to sell or pass off any apparel, backpacks, gloves, shoes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and
> (iii) committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiffs' genuine merchandise unless they are such; and
> (iv)  shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner apparel or other items falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and
> (v)   utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of Plaintiffs' Marks; and
> (vi)  operating Defendants' Websites.

(b)   Impounding, during the pendency of this action, all Counterfeit Products,

including apparel, backpacks, footwear and gloves in the current custody or control of

Defendants and other materials and merchandise seized pursuant to the provisions of this

Order.

(c)   Restricting the transfer of Defendants' assets pursuant to the provisions of this

Order hereinafter set forth.

(d)   Ordering transfer of the Infringing Domain Names, whether by the domain name

registry, namely Verisign, Inc. or Neustar, Inc., or by the individual registrars, which hold

one or more of the Infringing Domain Names, to a registrar of Plaintiffs' selection to hold w/out

~~and disable~~ the Infringing Domain Names until further order from this Court.

*Using or permitting use )*

5

IT APPEARING to the Court that Defendants are manufacturing, distributing, offering for sale and/or selling Counterfeit Products, including by operation of Defendants' Websites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations, or having knowledge of this Order by service, actual notice or otherwise be, and they are, hereby temporarily restrained from:

(a)     committing any of the acts set forth in subparagraphs (a)(i)-(vi) above;

(b)     moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents relating to the Counterfeit Products, Defendants' Websites, and/or Defendants' assets and operations; and

(c)     removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Websites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Websites, including without limitation, Internet Service Providers ("ISP") , back-end service providers, web designers, sponsored search engine or ad-word providers, merchant account providers, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall, upon receiving notice of this Order, deliver to Plaintiffs or their representatives copies of documents and records relating to Defendants, Defendants' Websites, Defendants'

6

assets and Defendants' business operations, including but not limited to records and data contained in electronic format, such delivery to be made in their native format; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of five thousand dollars $5,000 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Plaintiffs may complete service of process on Defendants by electronic mail at the following email addresses, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:  shenyingying@b2bsharing.com, syysinger1026@yahoo.com, sales@northfacecoming.com, sales@tnfshopping.com, sales@outdoornorthface.com, sales@northfacesaleoutlet.com, a.g.onlinestore@gmail.com, sales@thenorthfacetrade.com, sales@uggcardy.org, usuksale@kicksboots.com, sales@cheapgoodssale.com, vinshine@kickboots.com, runtimberland@inthego.com, a7869599@163.com, thenorthfacesaleshop@inthego.com, mallabraod@pureboots.com, sales@northfaceoutdoor.com, sales@tonorthface.com, ceo@ecsdeals.com, polocart@gmail.com, poloshirtsshop@gmail.com, sales@sunglasses-sale.org, clothepolo@gmail.com, sales@polomall.us, rona610@gmail.com, yangjing29@gmail.com, tradelily8@gmail.com, myclothingshop8@gmail.com, and sales@b2bsharing.com; and it is further

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, which may be made on Defendants by electronic mail, and that such service shall be made and such seizure shall take

7

~~by~~ March 9, 2010,

~~place within twenty (20) business days from the date of this Order or at such time as may~~ be

~~extended by this Court~~; and it is further

ORDERED, that Plaintiffs' counsel file with the court within ten (10) business days after this Order is executed, an affidavit or declaration stating the date on which the Order was executed, the means of serving Defendants, whether goods and/or other materials were seized and a description thereof, whether domain names were seized and a description thereof and whether assets were seized and/or restrained a description thereof; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, including without limitation PayPal accounts, Western Union accounts, IPS accounts, ECPSS accounts, or other merchant account providers, payment providers, or third party processors or for any Defendant, any of Defendants' Websites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, ~~shall immediately locate all accounts connected to Defendants or~~  ~~Defendants' Websites and~~ be temporarily restrained and enjoined from transferring or disposing of any money, stocks or other of Defendants' assets, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

    (1)    an accounting of any of all of Defendant's assets located in the United States having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

    (2)    uncontradicted documentary proof accepted by Plaintiffs, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of

8

Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the Infringing Domain Names shall be transferred to Plaintiffs pending trial; and it is further

ORDERED that the registry for each of the Infringing Domain Names, Verisign, Inc. and Neustar, Inc., transfer the Infringing Domain Names to a registrar of Plaintiffs' choice pending ~~further order of the Court~~ *further order of the Court*; and it is further

ORDERED that the gaining registrar for each of the Infringing Domain Names delete all existing Domain Name Server (DNS) entries and corresponding addresses, and enter such registrar's default Domain Name Server and address entries to prevent further damage caused by Defendants' use of the Infringing Domain Names; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of Greenberg Traurig, 200 Park Avenue, New York, New York, 10166, Attention: G. Roxanne Elings, Esq., before _____ a.m./p.m. on _March 16_, 2010. Any reply shall be filed and served by Plaintiffs at the hearing; and it is finally;

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of

9

the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

DATE: March 2 2010
at 3⁴⁵ pn.

United States District Court Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/11
```

TORY BURCH LLC; RIVER LIGHT V, L.P.

                        Plaintiffs

v.

YONG SHENG INTERNATIONAL TRADE CO., LTD;
CONGDADA PENA; BINGFENG QUI; LI
YAXIACHAI; LI BIN; LINJIANPING; JACK
WILSON; JIANGUO CHEN; TORYBURCH-
MALL.COM; ZHUZIXIAN; BILL FISHER; ANTLEO
LIN; JQ LIN; WU JUNYU; MILLION MAN d/b/a
TORYBURCHOUTLETSHOP.COM; VECTO S. d/b/a
TORYBURCHSALE.NET; LIDAYONG; ZHAN
JIAQUIN; JIAXINTONG IMPORT & EXPORT CO.
LTD d/b/a SPORTS SDFSS; KEYWHOLESALE.COM
INC; YUCANG LI; FREESHIPPINGHANDBAG.COM;
RUAN FA; NINE NINE TRADE; DONGWEI;
LOUBOUTINTIME.COM; DYLAN d/b/a
JIMMYBOOTS.COM; ONESTOP-
ONLINESHOPPING.COM; ZHONGTIAN; RAO
YUZHAO d/b/a TOPSHOESTOBAGS TRADE CO.
LTD.; COLO CHONG d/b/a UGGLOUBOUTIN CO,
LTD; YE JUNJIE d/b/a GUIHE TRADING CO. LTD;
XINLI CHEN d/b/a GUANGZHOU FASHIONPURSUE
TRADE CO. LTD.; WU DONG d/b/a SPORTS SERIES
TRADE CO. LTD; WHOLESALEUSLIVE.COM;
JESSKI2010; CHINA SUNSHINE INTERNATIONAL
TRADING CO. LTD. d/b/a NAME-BRAND-
ONLINE.COM; YANG QIAO d/b/a FASHION866
TRADE CO., LTD.; CHEN JIONGYANG d/b/a
FASHIONHOLIC CO. LTD.; XIAO XIANMO d/b/a
XIAMEN SHINSON TRADING CO., LTD.; RIHONG
LIN d/b/a JACK SMITHS; XYZ COMPANIES; and
JOHN and JANE DOES

                        Defendants.

Civil Action No. 10 Civ. 9336

**[FILED UNDER SEAL
PURSUANT TO 15 U.S.C.
§ 1116]**

## PRELIMINARY INJUNCTION ORDER

Plaintiffs TORY BURCH LLC and RIVER LIGHT V, L.P. (collectively, "Tory Burch" or "Plaintiffs") having moved *ex parte* against YONG SHENG INTERNATIONAL TRADE CO., LTD; CONGDADA PENA; BINGFENG QUI; LI YAXIACHAI; LI BIN; LINJIANPING; JACK WILSON; JIANGUO CHEN; TORYBURCH-MALL.COM; ZHUZIXIAN; BILL FISHER; ANTLEO LIN; JQ LIN; WU JUNYU; MILLION MAN d/b/a TORYBURCHOUTLETSHOP.COM; VECTO S. d/b/a TORYBURCHSALE.NET; LIDAYONG; ZHAN JIAQUIN; JIAXINTONG IMPORT & EXPORT CO. LTD d/b/a SPORTS SDFSS; KEYWHOLESALE.COM INC; YUCANG LI; FREESHIPPINGHANDBAG.COM; RUAN FA; NINE NINE TRADE; DONGWEI; LOUBOUTINTIME.COM; DYLAN d/b/a JIMMYBOOTS.COM; ONESTOP-ONLINESHOPPING.COM; ZHONGTIAN; RAO YUZHAO d/b/a TOPSHOESTOBAGS TRADE CO. LTD.; COLO CHONG d/b/a UGGLOUBOUTIN CO, LTD; YE JUNJIE d/b/a GUIHE TRADING CO. LTD; XINLI CHEN d/b/a GUANGZHOU FASHIONPURSUE TRADE CO. LTD.; WU DONG d/b/a SPORTS SERIES TRADE CO. LTD; WHOLESALEUSLIVE.COM; JESSKI2010; CHINA SUNSHINE INTERNATIONAL TRADING CO. LTD. d/b/a NAME-BRAND-ONLINE.COM; YANG QIAO d/b/a FASHION866 TRADE CO., LTD.; CHEN JIONGYANG d/b/a FASHIONHOLIC CO. LTD.; XIAO XIANMO d/b/a XIAMEN SHINSON TRADING CO., LTD.; RIHONG LIN d/b/a JACK SMITHS; XYZ COMPANIES; and JOHN and JANE DOES (collectively, "Defendants") for a Temporary Restraining Order, Order to Disable Certain Web Sites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark

2

Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting

Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources

and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the

"Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling,

via the Internet, goods bearing counterfeit reproductions of Tory Burch's federally registered

trademarks, as listed in Tory Burch's Complaint filed concurrently herewith and incorporated

herein by reference, which trademarks (collectively, the "TORY BURCH Marks") are owned

and controlled by Tory Burch and used in connection with products listed in Tory Burch's

Complaint and incorporated herein by reference (collectively, the "Tory Burch Products"); and

the Court having reviewed the Complaint, Memorandum of Law in support of the Order,

supporting Declarations and exhibits submitted herewith, issued such an Order on December 17,

2010, and having found, *inter alia,* the following:

     1.     Tory Burch has demonstrated that it is entitled to injunctive relief by establishing

that it is suffering irreparable harm and that it is likely to succeed on the merits of its claims;

     2.     With respect to irreparable harm, and taking into consideration the Second

Circuit's recent abrogation of the historical standard for demonstrating irreparable harm in the

context of copyright law (*Salinger v. Colting,* 607 F.3d 68, 77-78 (2d Cir. April 30, 2010)

(following *eBay, Inc. v. MercExchange, L.L.C.* 547 U.S. 388, 390-1 (2006))) and replacing it

with a new standard, Tory Burch has demonstrated that it is likely to succeed in showing (a) that

it is suffering irreparable injury in the absence of an injunction based on Defendants'

distribution, offering for sale and sale of Counterfeit Products (b) that remedies at law, such as

money damages, are inadequate to compensate for that injury, (c) that the balance of hardships

tips in Tory Burch's favor and (d) that the public would not be disserved by the issuance of

injunctive relief;

3.   With respect to likelihood of success on the merits, Tory Burch has demonstrated that it is likely to succeed in showing that its TORY BURCH Marks are valid and protectable and entitled to protection;

4.   Further with respect to likelihood of success on the merits, Tory Burch has demonstrated that it is likely to succeed in showing that Defendants are manufacturing, distributing, offering for sale and/or selling counterfeit products -- including but not limited to footwear, handbags and accessories -- bearing counterfeits of the TORY BURCH Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District;

5.   Further with respect to likelihood of success on the merits, Tory Burch has demonstrated that it is likely to succeed in showing that Defendants are selling Counterfeit Products by operating a network of web sites ("Defendants' Infringing Web Sites") resolving at various domain names set forth in **Exhibit 1** attached hereto, including, without limitation, the following domain names containing the TORY BURCH Marks:

| | |
|---|---|
| cheap-toryburchshoes.com | toryburch-retail.com |
| discounttoryburch.com | toryburch-retailshop.com |
| discounttoryburch.org | toryburch-sale.com |
| etoryburch.com | tory-burch-sale.com |
| lovetoryburch.com | toryburchsale.net |
| saletoryburch.com | toryburchsale.org |
| sale-toryburch.com | toryburchsaler.com |
| tory-burch.us | toryburchsell.com |
| toryburch2011.com | toryburch-shoes.us |
| toryburchbag.com | toryburchshoesonsale.com |
| toryburchbest.com | toryburchshoes-onsale.com |
| toryburchbrand.com | toryburchshoesoutlets.com |
| toryburchbrandstore.com | toryburchshoes-outlets.com |
| toryburchclassic.com | toryburchshoesstore.com |
| toryburchcom.com | toryburchshop.us |
| toryburchfans.com | toryburchshops.com |
| toryburchflatssale.com | toryburchsoutlets.org |
| toryburch-home.com | toryburch-store.com |

4

| | |
|---|---|
| toryburch-mall.com | toryburchstores.com |
| toryburchnow.com | toryburchto.com |
| toryburchoffical.com | toryburchtopsale.com |
| toryburchok.com | toryburchuk.com |
| toryburchonsale.com | toryburchus.com |
| toryburch-outlet.com | toryburchyes.com |
| toryburchoutlet.org | toryshoes.com |
| toryburchoutlets.org | us-toryburchshoes.com |
| toryburchoutletshop.com | |

(collectively, the "Infringing Domain Names");

6.     Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Tory Burch's and this Court's detection including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

7.     Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, and business records relating thereto inaccessible to the Court if Tory Burch was to proceed on notice to Defendants, thus frustrating the ultimate relief Tory Burch seeks in this action; and

8.     Tory Burch's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order; and

9.     Defendants having been served with the Order, Complaint, Summons and supporting papers, including notice of the show cause hearing to be held on January 4, 2011 at 11:00 a.m. in Courtroom 24B in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007; and

10.     None of the Defendants have filed a response to Tory Burch's moving papers or otherwise appeared in this action; and

5

THEREFORE, IT IS HEREBY ORDERED that Defendants, their officers, agents servants and employees and any persons in active concert or participation with them are preliminarily enjoined and restrained from:

(i)     using the TORY BURCH Marks or any reproduction, counterfeit, copy or colorable imitation of the TORY BURCH Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Tory Burch; and

(ii)    passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for Tory Burch Products; and

(iii)   shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner footwear, handbags, apparel, accessories or other items falsely bearing the TORY BURCH Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv)    utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the TORY BURCH Marks; and

(v)     operating and/or hosting Defendants' Infringing Web Sites.

ORDERED, that  third parties providing services used in connection with Defendants' operations including, without limitation, Internet Service Providers ("ISP"), registrars, or online third-party selling platforms including without limitation Alibaba.com, Tradekey.com, iOffer.com, EC21.com, Ecplaza.net and DIYtrade.com, having knowledge of this Order by service, actual notice or otherwise be, and are, hereby preliminarily enjoined from providing services to any Defendant in conjunction with any of the acts set forth in subparagraphs (i)-(v) above; and it is further

ORDERED that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, that the asset restraint provisions contained in the Order shall remain in place until the disposition of this action as to Defendants and their officers, servants, employees and agents and

6

any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc. ("PayPal"), or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' B2B Selling Pages, Defendants' Infringing Web Sites or for any other website owned or controlled by Defendants, who receive actual notice of this Preliminary Injunction Order, shall immediately locate all accounts connected to Defendants or Defendants' Infringing Web Sites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn, and not allowing other diminutions to be made by Defendants from such accounts pending further order from this Court;

ORDERED that upon two (2) business day's written notice to the Court and Tory Burch's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Preliminary Injunction Order concerning the restriction upon transfer of such Defendant's assets; and it is further

ORDERED that Tory Burch may continue to obtain expedited discovery by providing actual notice, pursuant to subpoena or otherwise, of this Preliminary Injunction Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers,

7

shippers, domain name registrars, domain name registries or online third-party selling platforms including without limitation DIYtrade.com, Alibaba.com, Tradekey.com, Ecplaza.net, iOffer.com and EC21.com who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Infringing Web Sites, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars, domain name registries and online third-party selling platforms including without limitation DIYtrade.com, Alibaba.com, Tradekey.com, Ecplaza.net, iOffer.com and EC21.com (collectively "Third Party Providers") shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a)    The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' websites, Infringing Domain Names and financial accounts;

(b)    Defendants' Infringing Web Sites;

(c)    The Infringing Domain Names or any domain name registered by Defendants; and

(d)    Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without

8

limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA); and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to VeriSign, Inc., Neustar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, disable and/or continue to disable the Defendants' Infringing Web Sites, and make them untransferable pending further order from this Court; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any third party providing services in connection with any Defendant and/or Defendants' websites, including without limitation ISPs, back-end service providers, affiliate program providers, web designers, and sponsored search engine or ad-word providers, shall immediately temporarily disable service to any and all Defendants' Infringing Web Sites; and it is further

ORDERED, that Tory Burch may continue to serve process on Defendants by electronic mail at the following eighty-one (81) email addresses, which Tory Burch has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:

| | |
|---|---|
| 1010236175@qq.com | namebrandwholesaler@hotmail.com |
| 70290473@qq.com | ndw4d@sine.cn |
| airmaxluolin@hotmail.com | peak_allen@yahoo.com.cn |
| aizhuozhuo888@gmail.com | sale.uggboots@hotmail.com |
| alltopbag@gmail.com | sale@designerhandbags8.com |
| anthonyleolin@gmail.com | sales@toryburchstores.com |
| atopluxury@gmail.com | saletoryburchshoes@hotmail.com |
| benson.jam98@gmail.com | service@toryburch-sale.com |
| bizchinapaypal@yahoo.com.cn | shang220@hotmail.com |

9

| | |
|---|---|
| candy.dudu1213@gmail.com | shoesservice6@gmail.com |
| charlesbill2008@hotmail.com | shopallstore@yahoo.com.cn |
| checkout.jp@gmail.com | supplytrade@hotmail.com |
| chenyuqiu2010@hotmail.com | support@hotsdeal.com |
| designerhandbags8@gmail.com | support@toryburchsale.com |
| eluxuryclothing@hotmail.com | surfcnhk@hotmail.com |
| eluxuryclothing@hotmail.com.cn | szum2008@126.com |
| fashion866@hotmail.com | t1250@163.com |
| fashionhollicz@gmail.com | terry@fallinfashion.com |
| fashionshop911@hotmail.com | thehouseofgucci@hotmail.com |
| fjgwl@yahoo.com.cn | topshoestobags@hotmail.com |
| freeshippinghandbag@gmail.com | tory.burch@hotmail.com |
| gochinabisniz@yahoo.com.cn | toryburchmall@hotmail.com |
| gooc.lynn@gmail.com | toryburchonline@hotmail.com |
| guyers1@gmail.com | toryburchonsale@gmail.com |
| info@7discountsshop.com | toryburchoutletmore@gmail.com |
| info@toryburchbag.com | toryburchsale@gmail.com |
| janeonline23@gmail.com | toryburchshop@hotmail.com |
| jimmybootstrade@hotmail.com | toryburchshops@hotmail.com |
| keywholesale@gmail.com | toryburchus@gmail.com |
| keywholesale@hotmail.com | tt88times@hotmail.com |
| keywholesale@yahoo.com | wangcai420@gmail.com |
| ksrcyvffg@gmail.com | weiwei1580@hotmail.com |
| leesun8661@yahoo.com.cn | wholesaleuslive@hotmail.com |
| lincheryl09@yahoo.com | xdreamcart@hotmail.com |
| liyucang@gmail.com | yourtrade@hotmail.com |
| louboutintime@hotmail.com | ypdv@hotmail.com |
| luolonghai2012@hotmail.com | zhongtiannice@hotmail.com |
| ly12cxl@yahoo.com | zhuolanyu0594@yahoo.com.cn |
| lypwholesale@gmail.com | shoestorecn@gmail.com |
| maiditrade@hotmail.com | world5625@gmail.com |
| marslion3@hotmail.com | |

as well as by attempting service at any other email addresses identified through expedited

discovery as belonging to or associated with any Defendant as well as attempting service on any

valid facsimile number identified as belonging to or being associated with any Defendant; and it

is further

# EXHIBIT 1
## TO THE PRELIMINARY INJUNCTION

| Defendants' Infringing Web Sites |
|---|
| brandslead.com |
| cheap-toryburchshoes.com |
| designerhandbags8.com |
| discounttoryburch.com |
| discounttoryburch.org |
| Eluxuryclothing.com |
| etoryburch.com |
| eugg.us |
| fallinfashon.com |
| fashion866.com |
| fashionpursue.com |
| fashionshop911.com |
| Freeshippinghandbag.com |
| handbag77.com |
| hotsdeal.com |
| jimmyboots.com |
| keenretail.com |
| keywholesale.com |
| keywholesaleclothing.com |
| keywholesaleinc.com |
| keywholesaleshop.com |
| likehighheels.com |
| louboutintime.com |
| lovetoryburch.com |
| maiditrade.com |
| name-brand-online.com |
| Nikejordancenter.com |
| onestop-onlineshopping.com |
| pop-luxury.com |
| saletoryburch.com |
| sale-toryburch.com |
| shoestorecn.com |
| Thehouseofgucci.com |
| topshoestobags.com |
| tory-burch.us |
| toryburch2011.com |
| toryburchbag.com |
| toryburchbest.com |
| toryburchbrand.com |

| |
|---|
| toryburchbrandstore.com |
| toryburchclassic.com |
| toryburchcom.com |
| toryburchfans.com |
| toryburch-home.com |
| toryburch-mall.com |
| toryburchnow.com |
| toryburchofficial.com |
| toryburchok.com |
| toryburchonsale.com |
| toryburch-outlet.com |
| toryburchoutlet.org |
| toryburchoutlets.org |
| toryburch-retail.com |
| toryburch-retailshop.com |
| toryburch-sale.com |
| tory-burch-sale.com |
| toryburchsale.net |
| toryburchsale.org |
| toryburchsaler.com |
| toryburchsell.com |
| toryburch-shoes.us |
| toryburchshoesonsale.com |
| toryburchshoes-onsale.com |
| toryburchshoes-outlets.com |
| toryburchshoesoutlets.com |
| toryburchshoesstore.com |
| toryburchshop.us |
| toryburchshops.com |
| toryburchsoutlets.org |
| toryburch-store.com |
| toryburchstores.com |
| toryburchto.com |
| toryburchtopsale.com |
| toryburchuk.com |
| toryburchus.com |
| toryburchyes.com |
| toryshoes.com |
| uggbootsell.net |
| uggjordanghd.com |
| ugglouboutin.com |

14

| us-toryburchshoes.com |
| wholesale-go.com |

ORDERED that this Preliminary Injunction Order shall remain in effect until disposition of this action; and it is finally

ORDERED that the seal on this action is hereby removed.

SIGNED this ___4th___ day of January 2011.

*Deborah A. Batts*

THE HONORABLE DEBORAH A. BATTS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

TRUE RELIGION APPAREL, INC.; GURU DENIM,
INC.,

                       Plaintiffs,

          v.

XIAOKANG LEI D/B/A
TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU
D/B/A TRUERELIGIONJEANSOUTLET8.COM; ZHAO
YANG QU D/B/A TRUERELIGION2CHEAP.COM;
RONGLIAN LU D/B/A TOPTRJEANS.COM;
FORTRUERELIGIONJEANS.COM D/B/A
FASHIONJEANSHOP@GMAIL.COM; XIN JIE KOU
D/B/A TRUERELIGIONSALE.CO.UK; JIAQIAO LV
D/B/A TRUERELIGION2CHEAP.COM; ZHAO YANG
QU D/B/A TRUERELIGION2CHEAP.COM;
WANGMING D/B/A JEANSWHOLESALING.COM;
SERVICE@TRUERELIGIONLIKE.COM D/B/A
OBCS001@HOTMAIL.COM D/B/A
TRUERELIGIONLIKE.COM;
CHEAPERTRUERELIGIONJEANS.NET D/B/A
JACKROSEGATES@GMAIL.COM; XIAOYU CHEN
D/B/A SH12345602@HOTMAIL.COM D/B/A
CHEAPTRUERELIGIONJEANSOUTLETS.COM; LUCY
KING D/B/A LUCYKING88@YAHOO.COM D/B/A
MYFASHIONJEANS.COM; TOM SMITH D/B/A
KICKSONFOOT@GMAIL.COM D/B/A
BUYTRUERELIGIONJEANS.NET D/B/A
QIQUWANG.NET; QIN KE D/B/A
CHEAPTRUERELIGIONJEANSSALE@HOTMAIL.COM
D/B/A MRSHUANG123@HOTMAIL.COM; TAN JUN
D/B/A WORLD203@HOTMAIL.COM D/B/A
BTWGOLD4@HOTMAIL.COM; JINGSHUN HUANG
D/B/A HAOTIAN INTERNATIONAL INDUSTRIAL
CO., LTD. D/B/A NIKECOOL.COM; CHEN JINSHAN
D/B/A HONG KONG TIMES SQUARE TRADING CO.,
LTD. D/B/A V9MAIL.COM; CHEN ZHIFENG D/B/A
ZHIF_CHEN@163.COM D/B/A HONG KONG JAVON
TRADE LTD. D/B/A TINRUI.COM; LI FENGNIAN
D/B/A FENG08183@SOHU.COM D/B/A CHEAP SKYS
CO. LTD. D/B/A CHEAP-SKYS.COM; SHOES-GOOGLE

Civil Action No. 11-cv-8242 (HB)

**[FILED UNDER SEAL
PURSUANT TO 15 U.S.C.
§ 1116]**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/11

CO., LTD. D/B/A GOTRADINGZONE.COM D/B/A
GOTRADINGZONE@HOTMAIL.COM; GUOFANG
XIAO D/B/A EMAIL598269039@QQ.COM D/B/A
TONGHE TRADE CO., LTD. D/B/A
THE9THSTREET.COM; BRANDSTRIBE CO., LTD.
D/B/A BRANDSTRIBE.COM D/B/A
ALICEWENNE@HOTMAIL.COM D/B/A
SALES@BRANDSTRIBE.COM D/B/A
BRANDSTRIBE@HOTMAIL.COM D/B/A
BRANDSTRIBEINFO@YAHOO.COM; XUBEICHAO
D/B/A TRADEMEMOMENT CO. LTD. D/B/A
TRADEMOMENT.COM; YEMAO D/B/A SHUNYUAN
INTERNATIONAL EXPORT CO. D/B/A
TRADE88N.COM D/B/A
TRADE88CN@HOTMAIL.COM; WANG FOYUN D/B/A
FASHIONCHOOSE TRADE CO., LTD. D/B/A
FASHIONCHOOSE.COM D/B/A
WYZSHOES@HOTMAIL.COM; WWW.BESTKF.COM
D/B/A WZJ886@LIVE.CN D/B/A
WUQIUPING2004@163.CN; CHENZHONG D/B/A
FASHION TRADING COMPANY D/B/A
FASHION2011STORE.COM D/B/A
ZOU1973@HOTMAIL.COM; ALLEN IEE D/B/A CHEER
TRADE COMPANY D/B/A CHEERWHOLESALE.COM;
LIN HAO D/B/A HONG KONG FAIRY
INTERNATIONAL, LTD. D/B/A MORIVER-
TRADE.COM D/B/A MOONRIVER-
TRADE@HOTMAIL.COM; XIAO XU D/B/A
TRADEVOID SHOES TRADING CO., LTD. D/B/A
TRADEVOID.COM; HUANG JINFENG D/B/A HAPPY
SPORTS INDUSTRY CO., LTD. D/B/A
PENGFASHIONSHOES.COM; WEI JIANGGUANG
D/B/A CHINARG002@126.COM D/B/A LONGFENG
INDUSTRY CO., LTD. D/B/A
LONGFENGTRADE.COM; XIAOFANG NI D/B/A WIWI
TRADE CO., LTD. D/B/A WIWITRADE.COM D/B/A
WIWITRADE@HOTMAIL.COM; CHEN ZIU SONG
D/B/A LRGJEANS008@HOTMAIL.COM D/B/A
JERSEY TRADE CO. LTD. D/B/A
AAANBAJERSEY.COM; HONEST99896 D/B/A
DAJIAHAO662009@HOTMAIL.COM;
FERSHOUHELLO D/B/A
XUHUAN0123@YAHOO.COM.CN; ZHAOMIN8898
D/B/A ZHAOMIN82@YAHOO.COM; TUNIAN1 D/B/A
402590112@QQ.COM; LINA669925 D/B/A
YANGYINGHUI0123@YAHOO.COM.CN; AND
TRUEYES85 D/B/A LYGANG2010@YAHOO.COM.CN,

XYZ COMPANIES, AND JOHN AND JANE DOES,

Defendants.

**TEMPORARY RESTRAINING ORDER, ORDER TO DISABLE CERTAIN WEB SITES, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Plaintiffs TRUE RELIGION APPAREL, INC. and GURU DENIM, INC. (collectively, "True Religion" or "Plaintiffs") having moved *ex parte* against Defendants XIAOKANG LEI d/b/a TRUERELIGIONJEANS4OUTLET.COM; LIN JIANYU d/b/a TRUERELIGIONJEANSOUTLET8.COM; ZHAO YANG QU d/b/a TRUERELIGION2CHEAP.COM; RONGLIAN LU d/b/a TOPTRJEANS.COM; FORTRUERELIGIONJEANS.COM d/b/a FASHIONJEANSHOP@GMAIL.COM; XIN JIE KOU d/b/a TRUERELIGIONSALE.CO.UK; JIAQIAO LV d/b/a TRUERELIGION2CHEAP.COM; ZHAO YANG QU d/b/a TRUERELIGION2CHEAP.COM; WANGMING d/b/a JEANSWHOLESALING.COM; SERVICE@TRUERELIGIONLIKE.COM d/b/a OBCS001@HOTMAIL.COM d/b/a TRUERELIGIONLIKE.COM; CHEAPERTRUERELIGIONJEANS.NET d/b/a JACKROSEGATES@GMAIL.COM; XIAOYU CHEN d/b/a SH12345602@HOTMAIL.COM d/b/a CHEAPTRUERELIGIONJEANSOUTLETS.COM; LUCY KING d/b/a LUCYKING88@YAHOO.COM d/b/a MYFASHIONJEANS.COM; TOM SMITH d/b/a KICKSONFOOT@GMAIL.COM d/b/a BUYTRUERELIGIONJEANS.NET d/b/a QIQUWANG.NET; QIN KE d/b/a CHEAPTRUERELIGIONJEANSSALE@HOTMAIL.COM d/b/a MRSHUANG123@HOTMAIL.COM; TAN JUN d/b/a WORLD203@HOTMAIL.COM d/b/a BTWGOLD4@HOTMAIL.COM; JINGSHUN HUANG d/b/a HAOTIAN INTERNATIONAL INDUSTRIAL CO., LTD. d/b/a NIKECOOL.COM; CHEN JINSHAN d/b/a

3

HONG KONG TIMES SQUARE TRADING CO., LTD. d/b/a V9MAIL.COM; CHEN

ZHIFENG d/b/a ZHIF_CHEN@163.COM d/b/a HONG KONG JAVON TRADE LTD. d/b/a

TINRUI.COM; LI FENGNIAN D/B/A FENG08183@SOHU.COM D/B/A CHEAP SKYS CO.

LTD. d/b/a CHEAP-SKYS.COM; SHOES-GOOGLE CO., LTD. d/b/a

GOTRADINGZONE.COM d/b/a GOTRADINGZONE@HOTMAIL.COM; GUOFANG XIAO

d/b/a EMAIL598269039@QQ.COM d/b/a TONGHE TRADE CO., LTD. d/b/a

THE9THSTREET.COM; BRANDSTRIBE CO., LTD. d/b/a BRANDSTRIBE.COM d/b/a

ALICEWENNE@HOTMAIL.COM D/B/A SALES@BRANDSTRIBE.COM d/b/a

BRANDSTRIBE@HOTMAIL.COM D/B/A BRANDSTRIBEINFO@YAHOO.COM;

XUBEICHAO d/b/a TRADEMEMOMENT CO. LTD. d/b/a TRADEMOMENT.COM; YEMAO

d/b/a SHUNYUAN INTERNATIONAL EXPORT CO. d/b/a TRADE88N.COM d/b/a

TRADE88CN@HOTMAIL.COM; WANG FOYUN D/B/A FASHIONCHOOSE TRADE CO.,

LTD. d/b/a FASHIONCHOOSE.COM d/b/a WYZSHOES@HOTMAIL.COM;

WWW.BESTKF.COM d/b/a WZJ886@LIVE.CN d/b/a WUQIUPING2004@163.CN;

CHENZHONG d/b/a FASHION TRADING COMPANY d/b/a FASHION2011STORE.COM

D/B/A ZOU1973@HOTMAIL.COM; ALLEN IEE d/b/a CHEER TRADE COMPANY d/b/a

CHEERWHOLESALE.COM; LIN HAO d/b/a HONG KONG FAIRY INTERNATIONAL,

LTD. d/b/a MORIVER-TRADE.COM d/b/a MOONRIVER-TRADE@HOTMAIL.COM; XIAO

XU d/b/a TRADEVOID SHOES TRADING CO., LTD. d/b/a TRADEVOID.COM; HUANG

JINFENG d/b/a HAPPY SPORTS INDUSTRY CO., LTD. d/b/a

PENGFASHIONSHOES.COM; WEI JIANGGUANG d/b/a CHINARG002@126.COM d/b/a

LONGFENG INDUSTRY CO., LTD. d/b/a LONGFENGTRADE.COM; XIAOFANG NI d/b/a

WIWI TRADE CO., LTD. d/b/a WIWITRADE.COM d/b/a WIWITRADE@HOTMAIL.COM;

CHEN ZIU SONG D/B/A LRGJEANS008@HOTMAIL.COM d/b/a JERSEY TRADE CO.

4

LTD. d/b/a AAANBAJERSEY.COM; HONEST99896 d/b/a

DAJIAHAO662009@HOTMAIL.COM; FERSHOUHELLO d/b/a

XUHUAN0123@YAHOO.COM.CN; ZHAOMIN8898 d/b/a ZHAOMIN82@YAHOO.COM;

TUNIAN1 d/b/a 402590112@QQ.COM; LINA669925 d/b/a

YANGYINGHUI0123@YAHOO.COM.CN; AND TRUEYES85 d/b/a

LYGANG2010@YAHOO.COM.CN, XYZ COMPANIES, AND JOHN AND JANE DOES

(collectively, "Defendants") for a Temporary Restraining Order, Order to Disable Certain Web

Sites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for

Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65

and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark

Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting

Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources

and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the

"Lanham Act"), and the Copyright Act, 17 U.S.C. §§ 501, 17 U.S.C. § 106, *et. seq.,* for the

reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods

bearing counterfeit reproductions of the True Religion's federally registered trademarks and

copyrights, as listed in True Religion's Complaint filed concurrently herewith and incorporated

herein by reference, which trademarks (collectively, the "TRUE RELIGION Marks") and

copyrights (the "True Religion Copyrights") are owned and controlled by the True Religion and

used in connection with products listed in True Religion's Complaint and incorporated herein by

reference (collectively, the "True Religion Products"), and the Court having reviewed the

Complaint, Memorandum of Law in support of the Order, supporting Declarations and exhibits

submitted herewith, finds:

1.      True Religion has demonstrated that it is entitled to injunctive relief by establishing that it is suffering irreparable harm and that it is likely to succeed on the merits of its claims;

2.      With respect to likelihood of success on the merits, True Religion has demonstrated that it is likely to succeed in showing that its TRUE RELIGION Marks and True Religion Copyrights are valid and protectable and entitled to protection;

3.      Further with respect to likelihood of success on the merits, True Religion has demonstrated that it is likely to succeed in showing that Defendants are manufacturing, distributing, offering for sale and/or selling counterfeit products -- including, *inter alia*, jeanswear, sportswear, accessories and other goods -- bearing counterfeits of the TRUE RELIGION Marks and True Religion Copyrights ("Counterfeit Products") to buyers in the United States, including in this Judicial District;

4.      Further with respect to likelihood of success on the merits, True Religion has demonstrated that it is likely to succeed in showing Defendants are selling Counterfeit Products by operating a network of web sites ("Defendants' Infringing Web Sites") resolving at various domain names set forth in **Exhibit 1** attached hereto, including, without limitation, the following domain names containing the TRUE RELIGION Marks:

| | |
|---|---|
| 1. truereligionjeans4outlet.com | 2. cheapertruereligionjeans.com |
| 3. truereligionjeans2sale.com | 4. truereligionoutlet-sale.com |
| 5. truereligion4outlet.com | 6. truereligionsoutlets2011.net |
| 7. truereligionjeansoutlet8.com | 8. jeans-true-religions.com |
| 9. cheaptruereligionjeanssale.org | 10. truereligionjeansbox.com |
| 11. cheaptruereligionjeans2.com | 12. truereligionjeans-outlets1.info |
| 13. truereligionoutlet3.com | 14. cheaptrue-religionjeans.com |
| 15. truereligionoutlet8.com | 16. cheaptruereligionjeanssale.net |
| 17. truereligionjeanssales.com | 18. true-religion-jeans-outlet.com |
| 19. cheaptruereligion8.com | 20. cheapjeanstruereligion.info |
| 21. toptruereligionjeans.com | 22. cheaptruereligionsjeans.info |

6

23. fortruereligionjeans.com
24. saletruereligionsjeans.info
25. truereligionsale.co.uk
26. truereligionjeans-outlet.cc
27. cheaptruereligion.co.uk
28. truereligionjeans-outlet.info
29. truereligion2cheap.com
30. truereligionjeans-outlets1.info
31. truereligion-cheap.com
32. truereligion-outlet.cc
33. truereligion2sale.com
34. truereligionoutletjeans.info
35. truereligionlike.com
36. truereligion-outletjeans.info
37. cheapertruereligionjeans.net
38. truereligionoutletjeans.cc
39. cheaptruereligionjeans2u.com
40. truereligionjeanssale.cc
41. cheaptruereligionjeans2011.com
42. truereligionoutlet.cc
43. truereligionoutletusa.com
44. jeans-true-religion.com
45. cheaptruereligionjeans-sale.com
46. truereligionoutletjeans-new.info
47. truereligionjeansbox.com
48. jeans-true-religions.com
49. truereligionjeans4sale.com
50. truereligionbrandjeansstore.com
51. mycheaptruereligionjeans.com
52. cheaptruereligionjeanssale.net
53. cheaptruereligionjeansoutlets.com
54. cheaptrue-religionjeans.com
55. cheaptruereligionjeansoutlets.net
56. cheap-true-religion-jeans.com
57. buytruereligionjeans.net
58. truereligion4sale.com

(collectively, the "Infringing Domain Names");

5.      The distribution, offering for sale and sale of Counterfeit Products will result in immediate and irreparable injury to True Religion if injunctive relief is not granted;

6.      Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from True Religion's and this Court's detection including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

7.      If True Religion were to proceed on notice to Defendants, Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, and business records relating thereto inaccessible to the Court, thus frustrating the ultimate relief True Religion seeks in this action;

8.      True Religion's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

9.      True Religion has represented that it has not publicized the requested Order;

10.     True Religion has provided the United States Attorney with reasonable notice of Plaintiffs' application for an Order;

11.     Entry of an order other than the requested Order would not adequately achieve the purposes of the Lanham Act to preserve True Religion's equitable remedies for trademark counterfeiting, including, *inter alia*: the restraint of Defendants' counterfeiting operations including Defendants' Infringing Web Sites, the disabling of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Defendants' operations, and preservation of True Religion's right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that Defendants show cause on or before the 30th day of November 2011 at 11:00 a.m. or as soon thereafter as counsel can be heard, in Courtroom 23B, in the United States District Court for the Southern District of New York, why an order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting True Religion a Preliminary Injunction as follows:

(a)     Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, including but not limited to Internet service providers ("ISPs"), from:

> (i)      using the TRUE RELIGION Marks and True Religion Copyrights or any reproduction, counterfeit, copy or colorable imitation of the TRUE RELIGION Marks and True Religion Copyrights in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of True Religion; and

(ii)    passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for True Religion; and

(iii)    shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner jeanswear, sportswear, accessories or other items falsely bearing the TRUE RELIGION Marks and True Religion Copyrights, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv)    utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the TRUE RELIGION Marks and True Religion Copyrights; and

(v)    operating and/or hosting Defendants' Infringing Web Sites.

(b)    Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(c)    Ordering the domain name registries, including but not limited to VeriSign, Inc., Neustar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, to disable these domain names, through a registry hold or otherwise, and make them untransferable until further order from this Court.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Counterfeit Products, including via Defendants' Infringing Web Sites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on True Religion's application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Defendants' operations including, without limitation, Internet Service Providers ("ISP"), registrars, or online third-party selling platforms, having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

(a) Committing any of the acts set forth in subparagraphs (a)(i)-(v) above;

(b) Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Web Sites, and/or Defendants' assets and operations; and

(c) Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Infringing Web Sites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of the TRUE RELIGION Marks; and it is further

ORDERED, that discovery herein may begin immediately by True Religion by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party selling who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant and/or Defendants' Infringing Web Sites, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant

10

account providers including PayPal, Inc., third party processors and other payment processing services, shippers, domain name registrars, domain name registries and online third-party selling platforms (collectively "Third Party Providers") shall within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

    (a)    The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Web Sites, Infringing Domain Names and financial accounts;

    (b)    Defendants' Infringing Web Sites;

    (c)    The Infringing Domain Names or any domain name registered by Defendants; and

    (d)    Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (*e.g.*, MasterCard and VISA); and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

11

ORDERED, that True Religion shall post a corporate surety bond in the amount of ten thousand dollars ($10,000.00) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, which may be made on Defendants by registered electronic mail, and that such service shall be made on or before November 23, 2011 at 5:00 p.m. following service on the Third Party Providers, which is to occur on or before Friday November 18, 2011; and it is further

ORDERED, that True Religion may complete service of process on Defendants by electronic mail at the following one hundred and thirty-seven (137) email addresses, which True Religion has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:

sarah_trading@live.com
sarah@psunions.com
louisvuitton.sale@hotmail.com
toptrjeans@hotmail.com
toptruereligionjeans@hotmail.com
fashionjeanshop@gmail.com
sales@truereligionsale.co.uk
sarah@psunions.com
outletjean@gmail.com
vip.managerservice@gmail.com
service@truereligionlike.com
obcs001@hotmail.com
jackrosegates@gmail.com
wrsns@msn.com
service@myfashionjeans.com
jeanstruereligion@gmail.com
cheaptruereligionjeanssale
@hotmail.com
world203@hotmail.com

e-trade1988@hotmail.com
dajiahao662009@hotmail.com
ynyfan@aol.com
zhnzlin@aol.com
comaupeter@gmail.com
sellersalessmith@gmail.com
admin@qq.com
173916647@qq.com
sanbokeyes@yahoo.com
black.hubbard@gmail.com
storezhs@hotmail.com
yourspayment@yahoo.com
zhzrong@aol.com
chczhen@aol.com
outletjean@gmail.com
vip.managerservice@gmail.com

trademaster101@hotmail.com
stephanyu28qz2@hotmail.com

smart127@hotmail.com
wuqiuping2004@163.cn
lucktrade09@hotmail.com
gouzhu66@gmail.com
abcbuysell@hotmail.com
andear.pt@hotmail.com
kellylin55@hotmail.com
pt123@126.com
hepinsports2010@yahoo.cn
papy168@hotmail.com
ipayebagi@163.com
guang168ying@hotmail.com
271305515@qq.com
wangmeixiang86@yahoo.com.cn
xuhuan0123@yahoo.com.cn
zhaomin82@yahoo.com

402590112@qq.com
yangyinghui0123@yahoo.com.cn

nikecool@live.com
V9mall@hotmail.com
tinrui_tradekey@hotmail.com

javon_trade@hotmail.com
cheapskys@hotmail.com
gotradingzone@hotmail.com
trade369@hotmail.com
trade369@gmail.com
sales@brandstribe.com
brandstribe@hotmail.com
brandstribeinfo@yahoo.com
order@trademoment.com
trade88cn@hotmail.com
wyzshoes@hotmail.com
wzj886@live.cn
zou1973@hotmail.com
sales@cheerwholesale.com
cheer_001@hotmail.com
moonriver-trade@hotmail.com
tradevoid@hotmail.com
tradevoid@yahoo.com.cn
fashionshop2010@hotmail.com
papo168@hotmail.com
papo168@163.com
wiwitrade@gmail.com
aaanbajersey@hotmail.com
aaanbajersey@yahoo.com.cn

383068823@qq.com
ctownbaby@comcast.net
dradina@mac.com

vanessa.nikki@gmail.com
vikthegoddess@hotmail.co.uk
wxiaomian@hotmail.com
mmotrading@yahoo.cn
537553944@qq.com
kicksonfoot@gmail.com
kicksonfoots@gmail.com
needapairshoe@gmail.com
mrshuang123@hotmail.com
btwgold4@hotmail.com
wholesaledaily@gmail.com
nikecool@live.com
421567127@qq.com
efashiontrade@gmail.com
v9mall@hotmail.com
jask18@163.com
262001558@qq.com
402660558@qq.com
fengnianly@sohu.com
longbiztrade@hotmail.com
gotradingzone@hotmail.com
kaka368@163.com
trade369@hotmail.com
alicewenne@hotmail.com
marry-gan@hotmail.com

lygang2010@yahoo.com.cn
ca10010cn@hotmail.com
lan_1802@163.com
brandstribe.com
@protecteddomainservices.com
Email598269039@qq.com
feng08183@sohu.com
zhif_chen@163.com
jask18@163.com
shtanjuunno1@163.com
819486758@qq.com
kicksonfoot@gmail.com
sh12345602@hotmail.com
dradina@mac.com
zterry101@gmail.com
lrgjeans008@hotmail.com
wiwitrade@hotmail.com
chinarg002@126.com
404898547@qq.com
pt123@126.com
505175638@qq.com
cheerfred@hotmail.com
lan_1802@163.com
lucyking88@yahoo.com
sh12345602@hotmail.com
ca10010cn@hotmail.com
1554253616@qq.com
XylonDamek@hotmail.com
kandyCarroll@hotmail.com

; and it is further

ORDERED, that True Religion's counsel file with the court within ten (10) days after

this Order is executed, an affidavit or declaration setting forth: (a) the date on which the Order

was executed, (b) the date and means with which the Defendants' were served with a copy of the

Order, and (c) a description of the domain names, websites and other assets that were disabled

and/or restrained; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' Infringing Web Sites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Infringing Web Sites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn, and not allowing any refunds, charge-backs, or other diminutions to be made from such accounts pending further order from this Court; and it is further

ORDERED, that upon two (2) business day's written notice to the Court and True Religion's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to VeriSign, Inc., Neustar, Inc., and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with Defendants' Infringing Web Sites shall, within three (3) days of receipt of this Order, temporarily disable these domain names, through a registry hold or

14

otherwise, and make them inactive and untransferable pending further order from this Court; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any third party providing services in connection with any Defendant and/or Defendants' websites, including without limitation ISPs, back-end service providers, affiliate program providers, web designers, and sponsored search engine or ad-word providers, shall immediately temporarily disable service to any and all Defendants' Infringing Web Sites; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for True Religion by delivering copies thereof to the offices of Greenberg Traurig, 200 Park Avenue, 34th Floor, New York, NY 10166 Attention: Scott Gelin, Esq., before 5:00 p.m. on November 28, 2011. Any reply shall be filed and served by True Religion by 11:00 a.m. on November 30, 2011; and it is finally

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this _____ 17 day of November 2011.

10 AM

_____
UNITED STATES DISTRICT COURT JUDGE

**Exhibit 1**

1. truereligionjeans4outlet.com
2. truereligionjeans2sale.com
3. truereligion4outlet.com
4. truereligionjeansoutlet8.com
5. cheapjeanssale2.com
6. cheaptruereligionjeanssale.org
7. cheaptruereligionjeans2.com
8. truereligionoutlet3.com
9. truereligionoutlet8.com
10. brandjeansonline.org
11. truereligionjeanssales.com
12. bagsoutletss.com
13. religionoutlets.com
14. toptrjeans.com
15. cheaptruereligion8.com
16. toptruereligionjeans.com
17. fashionjeanshop.com
18. fortruereligionjeans.com
19. truereligionsale.co.uk
20. cheaptruereligion.co.uk
21. truereligion2cheap.com
22. truereligion-cheap.com
23. truereligion2sale.com
24. jeanswholesaling.com
25. outlet-jeans.com
26. truereligionlike.com
27. cheapertruereligionjeans.net
28. cheaptruereligionjeans2u.com
29. cheaptruereligionjeans2011.com
30. truereligionoutletusa.com
31. cheaptruereligionjeans-sale.com
32. truereligionjeansbox.com
33. truereligionjeans4sale.com
34. mycheaptruereligionjeans.com
35. cheaptruereligionjeansoutlets.com
36. cheaptruereligionjeansoutlets.net
37. myfashionjeans.com
38. buytruereligionjeans.net (qiquwang.net)
39. cheapertruereligionjeans.com
40. truereligionoutlet-sale.com
41. truereligionsoutlets2011.net
42. discounttrjeans.com
43. true-religion-jeans-outlet.com
44. cheapjeanstruereligion.info
45. cheaptruereligionsjeans.info

46. saletruereligionsjeans.info
47. truereligionjeans-outlet.cc
48. truereligionjeans-outlet.info
49. truereligionjeans-outlets1.info
50. truereligion-outlet.cc
51. truereligionoutletjeans.info
52. truereligion-outletjeans.info
53. truereligionoutletjeans.cc
54. truereligionjeanssale.cc
55. truereligionoutlet.cc
56. jeans-true-religion.com
57. truereligionoutletjeans-new.info
58. jeans-true-religions.com
59. truereligionbrandjeansstore.com
60. nikecool.com
61. v9mall.com
62. tinrui.com
63. cheap-skys.com
64. gotradingzone.com
65. the9thstreet.com
66. brandstribe.com
67. trade88cn.com
68. fashionchoose.com
69. bestkf.com
70. cheerwholesale.com
71. moriver-trade.com
72. tradevoid.com
73. inttopbrand.com
74. toshoesa.com
75. pengfashionshoes.com
76. longfengtrade.com
77. wiwitrade.com
78. aaanbajersey.com
79. cyberdealing.com
80. cheaptruereligionjeanssale.net
81. cheaptrue-religionjeans.com
82. cheap-true-religion-jeans.com
83. world203.com
84. truereligion4sale.com
85. franklinmarshalls.com
86. trademoment.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., | ) |
| Plaintiff, | ) Case No. 12-cv-9864 |
| | ) |
| v. | ) **Judge Robert M. Dow, Jr.** |
| | ) |
| DOES 1-100 d/b/a the aliases identified on | ) **Magistrate Judge Jeffrey Cole** |
| Schedule "A", | ) |
| | ) |
| Defendants. | ) |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff Oakley, Inc.'s ("Oakley") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants listed in Schedule A to Oakley's Complaint (collectively, the "Defendants") and orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

   a. using Oakley's OAKLEY Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Oakley product or not authorized by Oakley to be sold in connection with Oakley's OAKLEY Trademarks;

1

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley product or any other product produced by Oakley, that is not Oakley's or not produced under the authorization, control or supervision of Oakley and approved by Oakley for sale under Oakley's OAKLEY Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Oakley, or are sponsored or approved by, or connected with Oakley;

d. further infringing Oakley's OAKLEY Trademarks and damaging Oakley's goodwill;

e. otherwise competing unfairly with Oakley in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's OAKLEY Trademarks or any reproduction, counterfeit copy or colorable imitation thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit OAKLEY products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any products which bear any of Oakley's OAKLEY Trademarks or any reproduction, counterfeit copy or colorable imitation thereof.

2.      The domain name registries for the Defendant Domain Names, namely, VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five (5) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to MarkMonitor or a registrar of Oakley's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to MarkMonitor or a registrar of Oakley's selection until further ordered by this Court.

3.      Those in privity with Defendants and those with notice of the injunction of paragraph 1 hereto, including any online marketplace such as iOffer, Internet search engines, web hosts, domain name registrars and domain name registries that are provided with notice of the injunction, shall cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the OAKLEY Trademarks.

4.      Discovery herein by Oakley may continue by providing actual notice, pursuant to subpoena, e-mail or otherwise, of this Order to any of the following:

     a. Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

     b. any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; or

     c. any third party service providers including, without limitation, online B2B selling platforms, including iOffer, Internet service providers, back-end service providers,

web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants.

5.   Any third party providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, Internet Service Providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively, "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Oakley copies of all documents and records in such person's or entity's possession or control relating to:

a.   The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including, without limitation, identifying information associated with Defendants' Websites, the Defendant Domain Names and financial accounts;

b.   Defendants' websites;

c.   The Defendant Domain Names or any domain name registered by Defendants; and

d.   Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, Western Union, or other merchant

4

account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.     Defendants and any persons in active concert or participation with them shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.     Any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, for any Defendant or any of Defendants' websites, shall immediately locate all accounts connected to Defendants or Defendants' websites, and such accounts shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8.     Schedule A and Exhibits 1 and 2 attached to the Declaration of Adrian Punderson are unsealed.

9.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Oakley or on shorter notice as set by this Court.

10.     The $10,000 bond posted by Oakley shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

DATED December 27, 2012

_____

U.S. District Court Judge James B. Zagel

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRUE RELIGION APPAREL, INC. and GURU DENIM, INC., | ) ) ) | Case No. 12-cv-9894 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Judge Sharon Johnson Coleman** **Magistrate Judge Sidney I. Schenkier** |
| DOES 1-100 d/b/a the aliases identified on Schedule "A", | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

THIS CAUSE being before the Court on Plaintiffs True Religion Apparel, Inc. and Guru Denim, Inc.'s (together, "True Religion") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction in its entirety against the Defendants listed in Schedule A to True Religion's Complaint (collectively, the "Defendants") and orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

   a. using True Religion's TRUE RELIGION Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine True Religion product or not authorized by True Religion to be sold in connection with True Religion's TRUE RELIGION Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine True Religion product or any other product produced by True Religion, that is not True Religion's or not produced under the authorization, control or supervision of True Religion and approved by True Religion for sale under True Religion's TRUE RELIGION Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of True Religion, or are sponsored or approved by, or connected with True Religion;

d. further infringing True Religion's TRUE RELIGION Trademarks and damaging True Religion's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for True Religion, nor authorized by True Religion to be sold or offered for sale, and which bear any of True Religion's TRUE RELIGION Trademarks or any reproduction, counterfeit copy or colorable imitation thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit True Religion products; and

g. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any products which bear any of

True Religion's TRUE RELIGION Trademarks or any reproduction, counterfeit copy or colorable imitation thereof.

2. The domain name registries for the Defendant Domain Names, namely, VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five (5) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to MarkMonitor or a registrar of True Religion's selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to MarkMonitor or a registrar of True Religion's selection until further ordered by this Court.

3. Those in privity with Defendants and those with notice of the injunction of paragraph 1 hereto, including any online marketplace such as iOffer, Internet search engines, web hosts, domain name registrars and domain name registries that are provided with notice of the injunction, shall cease facilitating access to any and all websites and accounts through which Defendants engage in the sale of counterfeit and infringing goods using the TRUE RELIGION Trademarks.

4. Discovery herein by True Religion may continue by providing actual notice, pursuant to subpoena, e-mail or otherwise, of this Order to any of the following:

   a. Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

   b. any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal or other merchant account providers, payment providers, third party processors, credit card associations (e.g.,

MasterCard and VISA), which receive payments or hold assets on Defendants' behalf; or

c.  any third party service providers including, without limitation, online B2B selling platforms, including iOffer, Internet service providers, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants.

5.  Any third party providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, Internet Service Providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively, "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to True Religion copies of all documents and records in such person's or entity's possession or control relating to:

a.  The identities and addresses of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including, without limitation, identifying information associated with Defendants' Websites, the Defendant Domain Names and financial accounts;

b.  Defendants' websites;

c.  The Defendant Domain Names or any domain name registered by Defendants; and

    d.  Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions including, without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.    Defendants and any persons in active concert or participation with them shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.    Any banks, savings and loan associations, payment processors, PayPal or other financial institutions, for any Defendant or any of Defendants' websites shall immediately:

    a.  Locate all accounts connected to Defendants, Defendants' Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the email addresses listed in Schedule B hereto; and

    b.  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8.    Schedule A and Exhibits 5 and 6 attached to the Declaration of Deborah Greaves are unsealed and True Religion will file unsealed copies with the Court.

9.    True Religion will file an unsealed copy of this Order with the Court once any identified financial accounts are frozen pursuant to Paragraph 7 of this Order.

10.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to True Religion or on shorter notice as set by this Court.

11.    The $10,000 bond posted by True Religion shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.


DATED: January 15, 2013

_____

Sharon Johnson Coleman
U.S. District Court Judge